H. H. COOK, Adm'r, v. WM. E. MOORE, Ex'r.

*Statute of Limitation—Computation of Time.*

Where a judgment was rendered on the 20th of October, 1873, and an action was brought on the judgment on the 20th of October, 1883, *it was held* that the statute barring actions on judgment in ten years, was a defence to the action.

(*Barcroft* v. *Roberts*, 92 N. C., 249, cited and approved).

CIVIL ACTION, tried before *Gudger, Judge*, and a jury, at June Term, 1886, of HERTFORD Superior Court.

There was a judgment for the defendant, and the plaintiff appealed.

The facts appear in the opinion.

*Mr. B. B. Winborne*, for the plaintiff.
No counsel for the defendant.

ASHE, J. This action was brought upon a judgment rendered on the 20th of October, 1873, in favor of Peter S. Williams against G. C. Moore, who died on the 4th day of May, 1880, having made a last will and testament, in which he

appointed the defendant, Wm. E. Moore, executor, who was duly qualified as such on the 2d day of August, 1880. The action was commenced by suing out the summons on the 20th day of October, 1883.

The original plaintiff, Peter S. Williams, having died intestate pending the action, on the 25th day of December, 1884, A. H. Cook, the present plaintiff, was duly appointed his administrator on the 26th day of February, 1885, and was made a party to this action. The defendant, among other defences set up in his answer, pleaded in bar of the plaintiff's action, "that more than ten years have elapsed since the rendition of the judgment sued on."

The following issue was submitted to the jury, to-wit: "Was the plaintiff's action commenced ten years from the rendition of the judgment declared in?" To which they responded, "No."

Upon the finding of the jury, the Court adjudged that the plaintiff's action was barred by the statute of limitations, and that the defendant go without day, and recover his costs.

The question in this case upon which its determination turned, was whether the action which was brought upon a judgment of the Superior Court, was barred by the statute of limitations?

It is provided by §152 of The Code, that actions upon a judgment or decree of any Court of this State, or of the United States, or of any State or Territory thereof, shall be commenced within ten years after the date of the rendition of said judgment or decree.

The judgment upon which the action was brought, was rendered on the 20th day of October, 1873, and the action commenced on the 20th of day October, 1883, and whether the action is saved from the operation of the statute, depends upon the question, whether the day on which the judgment was rendered is to be included or excluded in the computation of the time.

In the ordinary computation of time, there are no fractions of a day, and the day on which an act is done must be entirely excluded or included. *Angel on Limitations*, §50; *Wood on*

*Limitations*, §54. This rule as to the indivisibility of a day is never departed from, except in those cases where questions as to the priority of claims arise, depending upon the order of events occurring on the same day. But even in those cases where the general rule applies, as when statutes of limitation fix the periods which date from the time of the accrual of the causes of action, there is some diversity in the decisions of the Courts, whether the day of the accrual of the cause of action is to be excluded or included. Yet the decided current of the authorities is, that the day of the accrual is to be excluded. So in the computation of time from an act done, the day on which the act is done will be excluded.

Mr. Angel, in his work on Limitations, §49, makes the distinction, that when the expressions are *from the date*, the rule is, if a private interest is to commence *from the date*, the day of the date is included, but if they are used merely to *fix a terminus* from which to commence, the day is in all cases excluded.

In *Cornell* v. *Moulton*, 3 Denio (N. Y.), 42, an action was brought upon a note, payable on demand. The note was dated February 14th, 1839, and the action was brought thereon February 14th, 1845.

The statute of limitations in that State being six years, the Court held that the action was barred. *Bronson, C. J.*, who spoke for the Court, said: "Our cases all go to establish one uniform rule, whether the question arises upon the practice of the Court or the construction of a statute, and the rule is, to exclude the first day from the computation." The same rule has been announced by their respective Courts, as obtaining in the States of Connecticut, Pennsylvania, Massachusetts, Maine, Kentucky and Missouri. See Wood on Limitation of Actions, pp. 96, 97, and notes. It is considered in Indiana to be the general rule, that when the computation of time is to be made from an *act done*, the day on which the act is done is to be excluded. *Jacob* v. *Graham*, 1 Black (Ind. R.), 393.

The same rule is maintained in the Courts of Pennsylvania, Massachusetts, Maine and New York. Angel on Limitations,

§50. And in New Hampshire when in the computation of time from a date, or *from the day of the date*, the day of the date is to be excluded. *Blake* v. *Crowningshield*, 9 N. Hamps., 598.

The same rule is adopted and maintained in Pennsylvania, Kentucky, Indiana, Illinois, Massachusetts, New York and Maine. *Wood on Limitations of Actions*, p. 97. Without going out of our State, we have a statute in regard to the computation of time, to be found in The Code, ch. 8, §596, which reads, "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded."

The only case we have found bearing upon the construction of this section, is *Barcroft* v. *Roberts*, 92 N. C., 249, which was a case involving the construction of §966 of The Code, which required petitions to rehear to be filed during the vacation succeeding the term of the Court at which the judgment was rendered, or *within twenty days after the commencement of the succeeding term.* The Court held, in computing the time, that the first day was to be excluded. Section 596 was not expressly referred to in the opinion of the Court, but the decision was founded upon the application of that section to the limitation contained in section 966, and if it applies to such a case, it must certainly do so to a case like that under consideration. We think they both come within the meaning of section 596.

There is no error. The judgment of the Superior Court is affirmed.

No Error.                      Affirmed.