SERECTA JENKINS ET AL. v. J. B. GRIFFIN ET AL.

(Filed 6 March, 1918.)

1. **Mortgages—Sales—Powers—Notice—Advertisement—Statutes.**

Revisal, sec. 641, requiring notice under mortgage, etc., for thirty days is, by express terms, prospective in effect and is amended by the Laws of 1909, ch. 705, prescribing publication in a newspaper "once a week for four weeks"; therefore it does not affect mortgages made prior thereto, coming under the provisions of Revisal, sec. 1042, requiring that whether advertised in a newspaper or otherwise, the sale "shall be advertised by posting a notice at some conspicuous place at the courthouse door," etc., for twenty days, etc.

2. **Mortgages—Sales—Powers—Execution of Presumptions.**

While powers of sale under mortgage are closely scrutinized by the courts and held to the letter of the contract, the law presumes the regularity of the sale in the execution of such powers and places the burden of proof on the party claiming a failure of proper notice or advertisement to show it.

3. **Same—Mortgagee's Deed—Recitals—Presumptions—Statutes.**

A recital in the mortgagee's deed to lands that the sale was duly advertised is prima facie evidence of its correctness; and *Held*, in this case, an advertisement of the sale under the power of the mortgage for thirty days at the courthouse door and three other public places, and a publication in a newspaper of four weeks, was a sufficient compliance with a provision in the mortgage requiring advertisement for "thirty days, or as the law directs."

4. **Limitations of Actions—Mortgages—Principal and Surety—Statutes.**

Where sureties on a note join in a mortgage on land in which they with the maker of the note hold the fee, the fact that the three-year statute bars the note does not prevent the mortgagee from foreclosing, the statute applicable being ten years after forfeiture of the mortgage, or after the power of sale became absolute, or after the last payment made thereon. Revisal, sec. 391 (3).

5. **Same—Interpretation of Statutes—Prospective Effect.**

While formerly there was no bar to the execution of a power of sale contained in a mortgage of lands, mortgages then executed are made subject to the ten-year statute, Revisal, sec. 311 (3), by Revisal, sec. 1044.

APPEAL by plaintiffs from *Whedbee, J.,* at Fall Term, 1917, of HERTFORD.

This is an action to set aside a sale made pursuant to the power contained in a mortgage and to have the deed executed to the purchaser removed as a cloud on the title of the plaintiffs.

Serecta Jenkins on 10 January, 1898, was indebted to defendant J. B. Griffin in the sum of $127.32. On that date, to secure said debt, she executed a note to said Griffin for the debt and secured the same by a mortgage on a tract of land in which she had a dower right, her two

daughters, Mary and Elizabeth, the owners of the fee, joining in the execution of the note and mortgage. Serecta Jenkins made the following payments on said note: 16 December, 1899, $12; 12 March, 1904, $10; and 14 April, 1906, $11.

The mortgage provided that in case of default in the payment of the debt, the land conveyed might be sold after first advertising the land for *thirty days,* or *as the law directs.*

The defendant J. B. Griffin sold said land at the courthouse door in Winton on 14 April, 1916, under said mortgage, and the defendant E. G. Griffin bid off said land at $265, and J. B. Griffin made a deed therefor to E. G. Griffin, dated 14 April, 1916, not acknowledged before clerk until 13 July, 1917, and recorded 18 July, 1917.

The plaintiffs contend that the sale was not properly advertised, and that the right to sell was barred at the time of the sale by the ten and three years statute of limitations.

At the conclusion of the evidence, his Honor rendered judgment of nonsuit, and the plaintiffs excepted and appealed.

*Winborne & Winborne for plaintiffs.*
*John E. Vann and Midyette & Burgwyn for defendants.*

ALLEN, J. The objections to the validity of the sale made under the power contained in the mortgage of 1898 are:

1. That the sale was not properly advertised.

2. That Mary and Elizabeth, who signed the mortgage, were sureties, and that the right to sell as to them was barred by the three years statute at the time of the sale.

3. That the right to sell was barred at the time of the sale as to all the parties by the statute of ten years.

(1) The mortgage does not state where the notices of sale shall be posted or at how many places. It simply authorizes a sale at the courthouse door in Hertford County "after first advertising the same for thirty days, or as the law directs."

The statute in force when the mortgage was executed is section 1042 of the Revisal, as follows: "All property, real and personal, sold under the terms of any mortgage or other contract, express or implied, whether advertised in some newspaper or otherwise, shall be advertised by posting a notice at some conspicuous place at the courthouse door in the county where the property is situated, such notice to be posted at *least twenty days before the sale,* unless a shorter time be expressed in the contract."

Revisal, sec. 641, requiring notice under mortgage, etc., for thirty days, was not enacted until 1905, and it is not retroactive, as it ex-

pressly says "that no real property shall be sold under execution, deed in trust, mortgage or other *contract hereafter executed."*

Revisal, sec. 641, was further amended by Acts 1909, ch. 705, by pre- scribing as to newspapers "once a week for four weeks."

Powers of sale in a mortgage are contractual, and as there are many opportunities for oppression, courts of equity are disposed to scrutinize them and to hold the mortgage to the letter of the contract. It is essential to the validity of a sale under a power to comply fully with the requirements as to giving notice of the sale. *Eubanks v. Becton,* 158 N. C., 234.

This is the rule, but in its enforcement "The presumption of law is in favor of the regularity in the execution of the power of sale; and if there was any failure to advertise properly, the burden was on defendant (here on plaintiffs) to show it." *Cawfield v. Owens,* 129 N. C., 288; *Troxler v. Gant,* 173 N. C., 425.

How have the plaintiffs sustained this burden?

The deed to the purchaser was introduced, and it recites that the sale was duly advertised, which recital is prima facie evidence of its correctness (*Lunsford v. Spaaks,* 112 N. C., 608), and in addition, the uncontradicted evidence is that the notice of sale was posted at the courthouse door and at three other public places in Hertford County for thirty days and published in a newspaper of the county for four weeks.

The only evidence tending to impeach the regularity of the advertisement is that there was an attempt to advertise at a fourth place in the county, and that the notice at this place was posted twenty-eight days, excluding the day of posting and the day of sale. It would be a harsh rule to hold that this slight irregularity would destroy the title of the purchaser if the mortgage required the notices to be posted at the courthouse door and *four* other places; but it does not do so, and in our opinion his Honor held correctly that an advertisement for thirty days at the courthouse door and three other public places and a publication in a paper for four weeks was a sufficient compliance with a provision in the mortgage to advertise "the same for thirty days, or as the law directs."

(2) Admitting that Mary and Elizabeth are sureties, and that an action on the debt would be barred as to them within three years, it does not follow that the right to foreclose the mortgage in court or under the power is barred.

The Court said in *Minzel v. Hinton,* 132 N. C., 662, "It is well settled that an action upon the debt may be barred without affecting the right to maintain an action to foreclose the mortgage given to secure it. *Capehart v. Detrick,* 91 N. C., 344. This because the bar of the statute affects only the remedy and not the right," and upon this point the

Court was unanimous, *Clark, C. J.,* saying in his dissenting opinion: "It is true that the mortgage is not necessarily barred when the debt is;" and *Douglas, J.,* in his: "If the note is not under seal, it may be barred in three years, and yet the mortgage securing it might not be barred in less than ten years."

At the time the mortgage was executed there was no bar to the execution of the power of sale (*Minzel v. Hinton, supra*), but the General Assembly has changed the law in this particular by providing that the power of sale "Shall become inoperative, and no person shall execute any such power when an action to foreclose such mortgage or deed of trust for the benefit of creditors would be barred by the statute of limitations" (Rev., sec. 1044), and Rev., sec. 391, subsec. 3, bars actions to foreclose a mortgage or deed of trust unless commenced "within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same."

It is evident, therefore, that the sale may be made, although the debt is barred at any time within ten years from the last payment; and as the last payment was on 14 April, 1906, and the date of sale was on 14 April, 1916, the power of sale was executed within ten years, applying the rule of excluding the first day and including the last. Rev., sec. 887; *Cook v. Moore,* 95 N. C., 1; *S. c.,* 100 N. C., 294.

