A. BERRY v. W. H. BOOMER AND ALEX. HARRIS.

(Filed 22 September, 1920.)

1. **Mortgages—Deeds and Conveyances—Warranty—Powers of Sale— Equity—Exoneration—Courts.**

The owner of lands conveyed it, taking at the time a mortgage to secure the purchase money, which has never been paid, and the grantee, H., sold the land to plaintiff by deed with full covenant and warranty of title, and the plaintiff reconveyed a portion of the land to H. by deed with warranty. The administrator of the original owner advertised the land for sale under the power of sale contained in the mortgage, and at the time thereof the administrator acceded to plaintiff's request to first sell the land not covered by his deed to H., which was done, and it brought a sufficient sum to pay off the mortgage debt. The defendants are the heirs at law of H. in the action of trespass involving the title to the lands: *Held*, the equity of exoneration applies to a sale under the power contained in the mortgage, without the necessity of the intervention of court, and the plaintiff's warranty in his deed reconveying a portion of the lands did not deprive him of his equitable right.

2. **Deeds and Conveyances—Warranties—Encumbrances.**

A warranty in a deed against claims of the grantors and their heirs forever is not a warranty against encumbrances.

3. **Mortgages—Sales—Powers—Presumptions—Deeds and Conveyances.**

The presumption of law is in favor of the regularity of a sale made under the power contained in a mortgage, and, there being no evidence to the contrary, the sale will not be declared void.

4. **Mortgages—Sales—Powers—Subdivisions of Lands—Trustee.**

It is not necessary that a mortgage of lands provides that the sale shall be as a whole or in parcels for the same to be done, as such is within the sound discretion of the one authorized to sell upon default, and it is his duty to reasonably see that the sum to be realized shall be sufficient to pay the mortgage debt, and that other interested parties are injured as little as possible.

5. **Mortgages—Deeds and Conveyances—Sales—Void—Voidable—Equity.**

Where interested persons are injured by a sale made under a power contained in a mortgage by a division of the lands into lots or parcels by the one exercising the power in an arbitrary or unfriendly manner, the sale is voidable, and not void, entitling the one so injured to the equity of setting aside the sale.

CIVIL ACTION, tried before *Cranmer, J.*, at May Term, 1920, of HYDE. From judgment of nonsuit plaintiff appealed.

*Spencer & Spencer and Daniel & Carter for plaintiff.*
*Thomas S. Long and Ehringhaus & Small for defendants.*

BROWN, J.   This action involves title to a tract of land containing about 25 acres.   The action is brought to restrain defendants from trespassing thereon.

The land belonged to Virginia Fisher, who conveyed it to Mary J. Harris, who with her husband executed a mortgage thereon to Virginia Fisher for the purchase-money, which has never been paid.

On 29 December, 1903, Mary J. Harris and husband sold and conveyed the land with full covenant of warranty to plaintiff.   On 16 January, 1906, plaintiff reconveyed to Mary J. Harris 25 acres of this tract of land, with a covenant of warranty.

Mary J. Harris and husband are both dead, and defendants are their heirs at law.

After the death of Mary J. Harris and husband, and also of Virginia Fisher, the purchase-money debt being unpaid, Statz Credle, administrator of Virginia Fisher, advertised the land for sale.   At sale plaintiff demanded that the administrator sell the 25 acres belonging to Mary J. Harris first, and if that did not bring sufficient to pay the purchase-money debt, that the administrator then sell the remainder of the 150-acre tract.   The administrator did this, and plaintiff became the purchaser.

The administrator executed a deed to him for the 25 acres, which brought sufficient to pay the mortgage debt in full.

1. The fact that plaintiff had reconveyed the 25 acres to Mary J. Harris with covenant of warranty, even if it had been a full covenant, did not take from plaintiff his equitable right to have the 25 acres sold in exoneration of the remaining land which had been conveyed to him by Mary J. Harris, with specific warranty against incumbrances as well as a general warranty as to title.

Plaintiff was not compelled to resort to law to enforce the well established equitable right if the administrator was willing to perform his duty in that respect.   The purchase-money was the personal debt of Mary J. Harris, and it was her duty to pay it.

There is no evidence or even allegation that plaintiff agreed to pay it as part of the purchase-money when he bought the land from Mrs. Harris.   Besides, plaintiff did not warrant against incumbrances when he executed the deed for the 25 acres.   He did not warrant the title, except as "against claims of themselves and heirs forever."

2. The defendants contend that inasmuch as the deed from Virginia Fisher's administrator to the plaintiff did not set out in full that the terms and conditions contained in the mortgage were complied with, that the sale and the deed thereunder are void.   The deed in question uses this language: "The said Statz Credle, administrator, did according to said conditions expose to public sale the property therein mentioned."

The position is untenable, and is not ground for a nonsuit. The presumption of law is in favor of the regularity in the execution of the power of sale; and if there was any failure to advertise properly, the burden was on the defendants to show it. *Jenkins v. Griffin,* 175 N. C., 184; *Cawfield v. Owens,* 129 N. C., 288; *Troxler v. Gant,* 173 N. C., 425.

The presumption being in favor of the regularity of the sale, and there being no evidence to the contrary, the sale was not void.

3. It is contended that the administrator of Mrs. Harris had no right to sell the 25 acres separately, but that he should have sold the whole 150 acres.

This position cannot be maintained. The plaintiff had right under the facts in evidence to have the 25 acres belonging to Mrs. Harris sold in exoneration of the land conveyed by her to him.

It is true that the mortgage did not give to the administrator of the mortgagee right to sell the land in lots or parcels, but the law vests in him a certain discretion in the matter, his primary duty being to see that the property brought the amount of the indebtedness, and his secondary duty being to see that the sale should cause as little injury as possible to others.

The rule is stated in 27 Cyc., p. 1480: "In other cases, and unless otherwise directed by the mortgage or deed of trust, the question of selling the property en masse or in parcels rests in the sound discretion of the trustee or other person making the sale."

If the trustee or administrator in making the sale acts arbitrarily or unfriendly, and so divides the land as to injuriously affect its value at the sale, the persons injured may seek the aid of a court of equity in setting aside the sale. It may be voidable, but is not void.

There is nothing of that nature presented by this record.

Reversed.