BERTIE COTTON OIL COMPANY ET AL. v. ATLANTIC COAST LINE
RAILROAD COMPANY ET AL.

(Filed 1 March, 1922.)

**1. Railroads—Burnings—Negligence—Sparks from Locomotive—Evidence
—Prima Facie Case—Questions for Jury—Trials—Nonsuit.**

A *prima facie* case of negligence is established against a railroad when
it is shown that a spark escaping from its locomotive burned plaintiff's
property.

**2. Same—Instructions—Appeal and Error—Prejudicial Error.**

When such *prima facie* case is made out, it is sufficient, nothing else
appearing, to warrant a finding for the plaintiff on the issue as to negli-
gence, but it is not conclusive. The defendant may or may not introduce
evidence in rebuttal at his election; but the defendant is not required to
disprove negligence on its part. Throughout the trial the burden of the
issue remains with the plaintiff.

APPEAL by defendant from *Calvert, J.,* at August Term, 1921, of
BERTIE.

Civil action to recover damages for the negligent burning of plaintiff's
seed-house and contents. Certain insurance companies, who claimed
to be subrogated to the rights of the insured, were made coplaintiffs.
The jury found that the property of the Bertie Cotton Oil Company
had been burned by the negligence of the defendant, and assessed
damages.

*James S. Manning and Winston & Matthews for plaintiffs.*
*F. S. Spruill and Gillam & Davenport for defendant.*

ADAMS, J.   The defendant excepted to the following paragraph in his
Honor's instructions to the jury: "As to the burden of proof on the
first question, as to how the fire started, the burden is on the plaintiff
to satisfy the jury from the evidence, and by its greater weight, that
the property was set on fire by live sparks from the locomotive; if the
jury should not so find, then you will answer the first issue 'No'; but if
you do so find that, if the property was set on fire by live sparks from
the locomotive, then the burden of proof shifts to the defendant to
satisfy you by the evidence, and by its greater weight, that it used a
competent and skillful engineer, and that the condition of the spark
arrester was good, and if you so find you will answer this issue 'No';
otherwise, 'Yes.'" There are several decisions of this Court in which
similar instructions have been approved. These are represented by
*Grant v. R. R.,* 108 N. C., 467, and *Denny v. R. R.,* 179 N. C., 533.
There are numerous decisions in which the instruction has been dis-

approved.    These are represented by *Williams v. R. R.*, 130 N. C., 128;
*Shepard v. Tel. Co.*, 143 N. C., 245; *Stewart v. Carpet Co.*, 138 N. C.,
66; *Winslow v. Hardwood Co.*, 147 N. C., 276; *Overcash v. Electric Co.*,
144 N. C., 577.    The decisions are conflicting.

When the plaintiffs proved that the property had been destroyed by
fire escaping from the defendant's locomotive, they made a *prima facie*
case of negligence for the consideration of the jury; or, as *Mr. Justice
Pitney* says, such proof furnished circumstantial evidence of negligence;
but it did not impose upon the defendant the burden of rebutting the
*prima facie* case by the preponderance of the evidence.    *Sweeney v.
Erving*, 228 U. S., 233.    The principle upon which this proposition
rests has been stated as follows:    "The burden of the issue, that is, the
burden of proof in the sense of proving or establishing the issue or case
of the party upon whom such burden rests, as distinguished from the
burden or duty of going forward and producing evidence, never shifts,
but the burden or duty of proceeding or going forward often does shift
from one party to the other, and sometimes back again.    Thus, when
the actor has gone forward and made a *prima facie* case, the other party
is compelled in turn to go forward or lose his case, and in this sense the
burden shifts to him.    So the burden of going forward may, as to some
particular matter, shift again to the first party in response to the call
of a *prima facie* case or presumption in favor of the second party.    But
the party who has not the burden of the issue is not bound to disprove
the actor's case by a preponderance of the evidence, for the actor must
fail if upon the whole evidence he does not have a preponderance, no
matter whether it is because the weight of evidence is with the other
party or because the scales are equally balanced."    1 Elliott on Evidence,
139.    Standing alone, the *prima facie* case warranted but did not
compel the inference of negligence; it furnished evidence to be weighed,
but not necessarily to be accepted; it made a case to be decided by the
jury, but did not forestall the verdict.    *Sweeney v. Erving, supra.*

Recognizing the inconsistent and conflicting expressions in several of
the decisions and the confusion that necessarily resulted, we undertook
in a recent decision to review some of the cases in which the burden of
proof is discussed for the purpose of formulating, or rather of restating
the approved principle.    *White v. Hines*, 182 N. C., 288.    As there
stated the rule is this:    "After the plaintiff has established a *prima facie*
case of negligence, if no other evidence is introduced, the jury will be
fully warranted in answering the issue as to negligence in favor of the
plaintiff, but will not be required to do so as a matter of law.    When
such *prima facie* case is made, it is incumbent upon the defendant to
offer proof in rebuttal of the plaintiff's case, but not to the extent of

preponderating evidence. The defendant, however, is not required as a matter of law to produce evidence in rebuttal; he may decline to offer evidence at the peril of an adverse verdict. If he offer evidence, the plaintiff may introduce other evidence in reply, and the jury will finally determine whether the plaintiff is entitled by the greater weight of all the evidence to an affirmative answer to the issue; for throughout the trial the burden is upon the plaintiff to show by the greater weight of the evidence that he is entitled to such answer." In that case it is further said, "After all the evidence is introduced, the vital question is not whether the defense specifically relied on is established to the entire satisfaction of the jury, but whether on the issue of negligence the evidence preponderates in favor of the plaintiff, and by this test the answer to the issue is to be determined." By the application of this principle the more recent decisions of this Court have been made to harmonize with the greater weight of authority on the question. It will be observed that in the instruction excepted to his Honor did not refer to the burden of the issue, but only to the burden of proof which was referred in the first instance to the plaintiff and afterward to the defendant.

His Honor very properly denied the motion for nonsuit, but we are of opinion that the defendant is entitled to a new trial for error in imposing on the defendant a burden beyond that which is required by law.

New trial.