**FORT WORTH & D. C. RY. CO. v. AMASON et al. (No. 2103.)**

(Court of Civil Appeals of Texas. Amarillo. March 28, 1923.)

**1. Railroads ⟐480(2)—Proof sparks from locomotive caused fire constitutes prima facie case authorizing recovery unless rebutted.**

Proof by plaintiff that the injury complained of was done by fire set out by sparks from a railroad locomotive constitutes a prima facie case, and, if not rebutted, entitled plaintiff to recover.

**2. Railroads ⟐480(3)—Rebutting presumption of negligence causing fire by preponderance of evidence not required.**

The presumption of a railroad company's negligence arising from a proof of damages by fire set out by a locomotive is not conclusive, and the burden is not on the company to rebut the presumption by proving use of ordinary care by a preponderance of the evidence.

**3. Trial ⟐351(2)—Request held sufficient to require separate submission of issue as to negligence of two engines and proximate cause of fire.**

Where, in a burning grass action, against a railroad, the issue was whether defendant used ordinary care in the operation of its locomotives, numbered 153 and 302, and defendant requested trial court to submit to the jury questions whether the engineer in charge of 153 used ordinary care to operate it and whether said engine set out the fire, and made a similar request regarding engine No. 302, and objected to the charge that it did not submit the issue as to the two engines separately, *held*, that defendant's request was sufficient to notify the court of his insistence that the issue of proximate cause be submitted to the jury.

**4. Trial ⟐352(1)—Where negligent operation of two engines was in issue, issue of proximate cause could have been submitted by asking jury whether ordinary care was used in operating engine or engines causing fire.**

Where, in an action against a railroad for the burning of grass caused by sparks from an engine, the issue was whether defendant used ordinary care in the operation of two of its engines numbered 153 and 302, the issue as to proximate cause of the fire could have been submitted in conformity with Rev. St. art. 1985, by asking the jury if defendant used ordinary care to operate the engine or engines.

**5. Appeal and error ⟐1002—Verdict on conflicting evidence conclusive.**

The appellate court cannot disturb a jury's finding where the evidence is conflicting; the credibility of the witnesses and the weight to be given their testimony being for the jury.

Appeal from District Court, Hartley County; Reese Tatum, Judge.

Action by L. L. Amason and others against the Fort Worth & Denver City Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed, and cause remanded.

See, also, 239 S. W. 359.

Tatum & Strong, of Dalhart, and Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

Bailey & Richards, of Dalhart, for appellees.

KLETT, J. In the trial of a grass burning suit filed by appellees, alleging damage caused by sparks of fire emitted by reason of the negligent construction and operation of defendant's railroad engines, the first three special issues as answered and returned by the jury read as follows:

"Special Issue No. 1. Was the grass on plaintiff's land set on fire by defendant's locomotive 153 or 302, on or about the 14th day of March, 1920? Answer: Yes.

"Special Issue No. 2. Did the defendant use ordinary care to equip and keep in repair its engines Nos. 153 and 302, with the best approved spark arresters in general use to prevent their emitting live sparks and cinders therefrom? Answer: Yes.

"Special Issue No. 3. Did the defendant, its agents, servants, and employees, use ordinary care in the handling and operating its said engines Nos. 153 and 302 to prevent sparks of fire and live cinders to escape therefrom? Answer: No."

The company claimed that its engines were equipped with the best and latest approved spark arresters, and that the engines were operated in a skillful manner by experienced and competent engineers. There was an issue of fact as to whether or not the defendant used ordinary care in the operation of the engines.

[1] The appellant's first proposition is that the evidence is insufficient to support the jury's finding of negligence. This contention is answered by quoting from the decision of the Supreme Court in Railway Co. v. Johnson, 92 Tex. 591, 50 S. W 563, wherein it was held that—

"It is well settled in this state that in cases of this character proof by the plaintiff that the injury complained of was caused from fire set out by sparks from a railroad locomotive while it was being operated upon the road constitutes a prima facie case, and, if not rebutted, entitles the plaintiff to recover."

[2] A more serious question arises out of appellant's objection that in the court's charge to the jury, "a greater burden is placed upon the defendant than is placed upon it under the law." The court instructed the jury that the burden of proof was upon the plaintiff to establish the affirmative of the first special issue by a preponderance of the evidence and upon the defendant to establish the affirmative of the second and third special issues, "by a preponderance of

the evidence." After a careful study of the law, we have reached the conclusion that under the decisions we are forced to sustain this objection. It is true that in this class of actions a presumption of negligence arises from proof that the damage was done by fire set out by one of the railroad locomotives, and that the court may tell the jury that proof of such fact constitutes negligence unless rebutted by the defendant (Ry. Co. v. Johnson, 92 Tex. 591, 50 S. W. 563); but the presumption is not a conclusive one, and the burden is not on the defendant to rebut the presumption by proving the use of ordinary care by a preponderance of the evidence. Railway Co. v. Johnson (Tex. Civ. App.) 199 S. W. 1175, and the other Texas decisions therein cited; Bertie Cotton Oil Co. v. Railway Co., 183 N. C. 95, 110 S. E. 660; Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Klunk v. Railway Co., 74 Ohio St. 125, 77 N. E. 752; 1 Words and Phrases, Second Series, 520, 521; 11 R. C. L. 991, § 43.

[3, 4] The next complaint made by appellant is based on the refusal of the trial court to submit to the jury questions asking: First, whether or not the engineer in charge of engine No. 153 used ordinary care to operate said engine; and, second, whether or not said engine set out the fire. A similar request was made regarding locomotive No. 302. In the same connection, appellant objected to the court's charge because it did not submit the issues as to the two engines separately. The proposition advanced is that, since there was an issue as to whether or not both engines were improperly handled and since the jury were required, under the third special issue, to give a negative answer as to whether or not both engines were properly handled, if the evidence should show only one engine improperly handled, the defendant was deprived of the right to have the jury find whether or not the engine that was improperly handled was the engine that set the fire. The jury did not find that both engines set out the fire. If we understand the appellant's argument, it is insisted that such requests presented the issue of proximate cause and required the court to submit same to the jury. Obviously, if the company was only negligent in the operation of one engine and such engine did not set out the fire, then the company would not be liable. The law would not make the company responsible, even though an engine did set out the fire, if the jury finds that there was no negligence in the construction or operation of such engine. Under the second special issue, the jury found that there was no negligence in the construction of the engines, and the only issue of negligence left for the plaintiffs to stand on was the one of negligence in the operation of the engines, submitted in the third special issue. While we do not mean to hold that, in the absence of any pleading on the part of the plaintiffs attempting to specify the engine or engines communicating the fire, it was necessary for the trial court to submit the issues in the manner adopted by the court or in the form requested by the appellant, yet we believe the appellant's requests were sufficient to notify the trial court of defendant's insistence that the issue of proximate cause be passed on by the jury, and to require the court to submit the issue to the jury. Brady v. McCuistion (Tex. Civ. App.) 210 S. W. 815; Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955. As to the form of such issue, we suggest that, in keeping with article 1985 of the Texas Statutes, providing that "the special verdict must find the facts established by the evidence and not the evidence by which they are established," the trial court could have submitted the issue to the jury by asking if the defendant used ordinary care to operate the engine or engines that set out the fire.

[5] It is insisted that the finding of the jury that 1,610 acres were burned is not supported by the evidence because "Foster, a witness for appellant and a civil engineer, and who measured the land in question that was burned, testified that there was 1,154 acres burned." One of the appellees testified that he did not measure the grass, but he estimated that 2,000 acres had been burned. As we view it, we are asked to invade the province of the jury in matters affecting the credibility of the witnesses and the weight to be given their testimony. We feel there is no warrant for such action on our part.

Appellant also objected to the testimony of E. J. Hudson, on the ground that the witness was not shown to be qualified. This question was considered and overruled on the former appeal of this case. Fort Worth & Denver City Ry. Co. v. Amason (Tex. Civ. App.) 239 S. W. 359.

Because of the errors committed by the trial court, the judgment rendered below is reversed, and the cause remanded.