On 21 January, 1927, S. M. Broadway and wife executed and delivered two promissory notes, one in the sum of $1,415.75, payable to J. M. Waggoner, and another for $305.17 to the plaintiff, Arey Brick and Lumber Company. Both notes were secured by a mortgage executed by Broadway and wife to F. w. Waggoner, trustee. The mortgage provided that the makers of the notes were to pay $30 per month on the indebtedness, *Page 222 
and that $15 thereof was to be applied on the note of the plaintiff each month until paid in full, and then the sum of $30 was to be applied to the payment of the J. M. Waggoner note. The first installment of $30 was to be due 1 February, 1927, "and a like installment on the first of each and every month after until the whole amount of the above mentioned notes has been paid."
The mortgage further provided that if Broadway and wife "shall fail to pay the principal and interest on said indebtedness, or any installment of either, as same becomes due, . . . it shall be lawful for and the duty of said party of the second part (trustee) to sell said premises, as a whole or in subdivisions, at public auction, at the courthouse door in Salisbury, North Carolina, after due advertisement as provided by law for mortgage sales."
In the brief of defendant it is stated that the mortgage deed contains a provision as follows: "It shall be lawful for, and the duty of the said party of the second part (trustee) upon demand of the holder of the indebtedness or any part thereof, or any party interested therein to advertise as provided by law for mortgage sales," etc. However, the record before us does not disclose any such provision. The evidence tended to show that J. M. Waggoner, the holder of one of the notes, notified F. W. Waggoner, the mortgagee or trustee, that the makers of the notes "were not paying on the note and he wanted to sell the house and lot," etc. Thereupon, F. W. Waggoner, trustee, duly advertised the property and sold the same at public auction in accordance with the terms of said mortgage on 17 December, 1927, at which time Julia Mae Waggoner, wife of J. M. Waggoner, and daughter-in-law of the trustee, purchased the land for $25, assuming the payment of a first mortgage of $2,500, held by Davis and Wily Branch Atlantic Bank and Trust Company. The sale remained open for ten days and no increased bid having been placed upon the purchase price, the trustee executed and delivered a deed for the premises to the purchaser. Thereafter, the plaintiff filed a petition to set aside said deed, alleging that the property was really worth $4,000, and "that the circumstances surrounding the sale and manner in which the same was conducted caused a fraud to be perpetrated upon petitioner by respondents herein named; that the acts and conduct of respondents were intended to deceive, calculated to deceive, did deceive your petitioner, and the respondents benefited thereby, and your petitioner was damaged thereby; and that therefore the said sale and deed to Julia Mae Waggoner are null and void and of no effect."
The mortgage contained a power of sale, which power was to be exercised upon default in the payment of installments of indebtedness, and the evidence discloses default in the payment of the installments and demand made upon the mortgagee to sell the land described in the mortgage.
The plaintiff seeks to set aside the deed of the mortgagee, made pursuant to the terms of the mortgage, upon the ground of fraud. There was no evidence of fraud introduced at the hearing, and therefore the judgment of nonsuit was properly entered. Furthermore, in the absence of evidence to the contrary, there is a presumption in favor of the regularity of the execution of the power of sale in a mortgage or deed of trust. Jenkins v.Griffin, 175 N.C. 184, 95 S.E. 166; Brown v. Sheets, 197 N.C. 268.
Affirmed.