UTAH LITTLE AND WIFE, ROXIE LITTLE, v. N. K. HARRISON, TRUSTEE, AND W. M. GREEN.

(Filed 22 January, 1936.)

**1. Mortgages H h: H p—Trustor attacking foreclosure for failure of due advertisement has burden of overcoming recitals in trustee's deed.**

The recital of due advertisement contained in the trustee's deed is *prima facie* evidence thereof, and the trustor attacking the foreclosure on the ground that due advertisement was not made has the burden of overcoming such *prima facie* evidence, and when his evidence fails to show

that the sale was not advertised as provided by law, defendant's motion to nonsuit is properly allowed, although the evidence may not affirmatively show due advertisement.

**2. Same—Foreclosure sale must be advertised for twenty-one days.**

An attack of a foreclosure sale under power of sale contained in the deed of trust on the ground that the sale was not advertised for 22 consecutive days is unavailing, since ch. 96, Public Laws of 1933, changed the statutory minimum for such advertisement from 22 days to 21 days.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from judgment of nonsuit, entered at the close of their evidence, by *Moore, Special Judge,* at Special June Term, 1935, of MARTIN. Affirmed.

*H. L. Swain for plaintiffs, appellants.*
*Hugh G. Horton and J. C. Smith for defendants, appellees.*

PER CURIAM. This is an action, instituted by the plaintiffs, to set aside a deed of foreclosure given by the defendant Harrison, trustee, to the defendant Green.

The plaintiffs assign as error the signing of the judgment, and base their exception upon the contention that there was sufficient evidence to be submitted to the jury that the deed of trust given by them to the defendant Harrison as trustee to secure their debt to the defendant Green had not been properly foreclosed for the reason that the advertisement of the foreclosure sale had not complied with the terms of the deed of trust and the statute governing foreclosures, since (1) the advertisement had not been posted at the courthouse and three other public places, and (2) since the advertisement in the newspaper had not been for a duration of 22 days.

There is a recital in the trustee's deed that the sale was duly advertised, and this is *prima facie* evidence in favor of the regularity of the execution of the power of sale in a deed of trust, and if there was any failure to advertise properly, the burden was on the plaintiff to show it. *Jenkins v. Griffin,* 175 N. C., 184; *Lumber Co. v. Waggoner,* 198 N. C., 221.

A perusal of the evidence leaves us with the impression that it was insufficient to be submitted to the jury upon the failure to post the advertisement at the courthouse and three other public places. While this evidence may not affirmatively show that such advertisement was so posted, when read in the light most favorable to the defendants, it fails to show that such advertisement was not so posted, and, the burden being upon the plaintiffs to establish the failure to properly advertise, the judgment for nonsuit was correctly entered.

The second contention that the property was not advertised for 22 consecutive days is untenable for the reason that ch. 96, Public Laws 1933, changed the statutory minimum for such advertisement from 22 days to 21 days. N. C. Code of 1935 (Michie), sec. 687 (b).

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.