MRS. EMMA J. EDWARDS v. MRS. R. J. (MARY L.) HAIR.

(Filed 24 May, 1939.)

1. **Limitation of Actions § 16: Mortgages § 32e—Party asserting that power of sale was barred at time of foreclosure has burden of proof.**

Plaintiff mortgagor instituted this action to set aside foreclosure and recover possession of the land upon her contention that at the date of sale the power of sale was barred by C. S., 2589. *Held:* An instruction that the burden was on defendant, the purchaser. at the sale, to prove that the power of sale was not barred at the time of foreclosure, is error, the burden being upon plaintiff to prove that the foreclosure deed, attacked by her, was inoperative. The cases in which plaintiff, upon the plea of the statute of limitations by defendant, must prove that he has brought a live claim into court, distinguished.

2. **Mortgages § 32a—**

There is a presumption of law in favor of regularity in the exercise of the power of sale in a mortgage or deed of trust.

3. **Mortgages § 32e—**

A foreclosure deed executed pursuant to a sale held after the power of sale is barred by C. S., 2589, is voidable and not void.

4. **Limitation of Actions § 1: Mortgages § 32e—**

The fact that the notes secured by the instrument are not under seal and are barred does not in itself render the right of foreclosure inoperative under C. S., 2589, since the bar of the statute affects the remedy but not the right.

5. **Limitation of Actions § 12a: Mortgages § 32e—**

Payment on the notes secured by the instrument by a maker repeals the bar of the statute of limitations as to a comaker of the notes and the mortgage so that an action to foreclose the mortgage within ten years from such payment is not barred as to such comaker by C. S., 2589.

APPEAL by defendant from *Sinclair, J.,* at October Term, 1938, of ROBESON. New trial.

EDWARDS *v.* HAIR.

Civil action to remove cloud from title of real property owned by the plaintiff, and to recover possession of said property.

The plaintiff and her husband, J. F. Edwards, being the owners of certain lands in Robeson County, on 3 March, 1920, executed a mortgage deed on said land to R. J. Hair to secure the payment of four notes totaling $2,040, the last of which matured 3 March, 1924. Both plaintiff and her husband signed said notes as makers. Thereafter, J. F. Edwards conveyed his interest in said lands to his wife, Emma J. Edwards. R. J. Hair died, leaving a last will and testament in which he devised the note and mortgage of plaintiff and her husband to his wife, the defendant. Thereafter, H. S. Averitt, executor under the will of R. J. Hair, deceased, foreclosed said mortgage and executed a deed of foreclosure 2 April, 1936, to the defendant. Whereupon the defendant took possession of the premises so conveyed.

The plaintiff brings this action, alleging that at the time of the foreclosure of said mortgage the power of foreclosure therein contained was inoperative and had become null and void by reason of the fact that more than ten years had elapsed since the last payment upon the note secured thereby.

The plaintiff alleged and offered evidence tending to show that no payments were made on the note secured by the mortgage after the year 1925. The defendant offered evidence tending to show that a payment was made thereon 27 October, 1933.

The issue: "1. Was the mortgage executed by J. F. Edwards and wife to R. J. Hair barred by the statute of limitation at the time of the foreclosure?" was answered "Yes," From judgment thereon the defendant appealed.

*George T. Deans and F. D. Hackett for plaintiff, appellee.*
*John D. Canady and McLean & Stacy for defendant, appellant.*

BARNHILL, J. In her action the plaintiff seeks also to have declared void and cancelled as a cloud on her title a tax deed from Robeson County to the plaintiff. No question in respect to this feature of plaintiff's case is at issue on this appeal.

On the issue submitted the court charged the jury: "The burden is upon the defendant upon that issue, gentlemen, to satisfy you from the evidence and by the greater weight of the evidence, that the mortgage was not barred by the statute of limitations." In this there was error. The case at bar is not one in which it is alleged by the defendant that the plaintiff has brought a stale cause of action into court. The cases which hold that under such circumstances the burden is on him who asserts the claim to show that it is not barred by the statute of limitations pleaded have no application.

There is a presumption of law in favor of regularity in the exercise of the power of sale in a mortgage or deed of trust. *Jenkins v. Griffin,* 175 N. C., 184, 95 S. E., 166; *Berry v. Boomer,* 180 N. C., 67. Plaintiff's action is bottomed upon the allegation that at the time of the execution of the foreclosure deed the power of sale contained in the mortgage had become inoperative under the provisions of C. S., 2589, and that, therefore, the foreclosure deed executed by the mortgagee, or his personal representative, is null and void and vests no title to the premises thus attempted to be conveyed to the grantee in the foreclosure deed. The foreclosure deed is voidable only and not void. *Berry v. Boomer, supra.* The plaintiff, in her action in attacking the deed, has assumed and must carry the laboring oar.

The notes as copied in the record indicate that they are not under seal. The fact that an action on the debt may be barred does not necessarily mean that the right of foreclosure has become inoperative under the provision of C. S., 2589. "It is well settled that an action upon the debt may be barred without affecting the right to maintain an action to foreclose a mortgage to secure it. *Capehart v. Dettrick,* 91 N. C., 344. This is because the bar of the statute affects only the remedy and not the right." *Menzel v. Hinton,* 132 N. C., 660, 44 S. E., 385; *Jenkins v. Griffin, supra.* If the note is not under seal it may be barred in three years, and yet the mortgage securing it might not be barred in less than 10 years. *Jenkins v. Griffin, supra.*

Plaintiff's contention that the payment of 27 October, 1933, if made at all, was made by J. F. Edwards and not by the plaintiff, and that, therefore, it does not repel the statute of limitations as to her, cannot be sustained. At the time of the execution of the mortgage title to the premises was in the plaintiff and her husband, J. F. Edwards. He is a comaker of the notes and of the mortgage. It is well settled in this State that a payment by one of two or more principals before the bar of the statute repels the statute of limitations as to all persons in the same class. As between comakers and makers and sureties there is a community of interest and a common obligation such as to make a payment by one repel the statute as to all. *Dillard v. Mercantile Co.,* 190 N. C., 225, 129 S. E., 598, and cases there cited. If a payment was made in 1933, as contended by the defendant, then at that time the power of sale was not barred and the payment served to stop the running of the statute of limitations as to all those who were principals in the execution of the mortgage.

The charge of the court upon the issue submitted was prejudicial error entitling the defendant to a

New trial.