JEFFERSON STANDARD LIFE INSURANCE COMPANY, A CORPORATION, v. ETHEL BOOGHER, ELISE BOOGHER, LYLES HARRIS AND WESTERN CAROLINA HILLS, INC.

(Filed 1 November, 1944.)

**1. Mortgages §§ 39b, 39f—**

Recitals, in a foreclosure deed from a trustee under a deed of trust to secure a debt, that after due advertisement as in said deed prescribed and by law provided, the trustee did expose to public sale the lands hereinafter described, are *prima facie* evidence of the correctness of the facts therein set forth.

**2. Evidence § 6—**

The burden of proof of the issue remains on the party who asserts the affirmative thereof, and this burden never shifts.

**3. Same—**

The most that a *prima facie* case does, when made out, is to warrant but not compel a verdict. A *prima facie* case is only evidence, stronger, to be sure, than ordinary proof, and the party against whom it is raised is not bound to overthrow it by the greater weight of the evidence. He may introduce evidence to overcome it; or he may go to the jury upon it and combat it as insufficient proof of the ultimate facts, in which case he risks an adverse verdict.

BARNHILL, J., dissenting.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Warlick, J.,* at April Term, 1944, of WATAUGA.

This is an action in ejectment wherein the plaintiff seeks to be declared the owner of and entitled to recover the possession of a certain lot of land in the town of Blowing Rock, county of Watauga, described as

follows: "Beginning at a stone on Main Street and runs north 88 deg. West 100 feet to a stake; thence North 9 deg. East 100 feet to a stake; thence South 88 deg. East 100 feet to a stone; thence South 9 deg. West 100 feet to a stone on corner, known as Lot No. 1 in Abernathy Plat, and being the lands on which is located the house known as Hob Nob Inn."

The plaintiff alleges and contends that the defendants were formerly the owners of the *locus in quo;* that they executed a deed of trust thereon to Julian Price, Trustee, to secure a loan from the Jefferson Standard Life Insurance Company of $1,500.00; that J. E. Holshouser was substituted for Julian Price as trustee in said deed of trust; that there was default in the payment of the loan, and the insurance company called upon the substituted trustee to foreclose the deed of trust, which said substituted trustee did; that at the foreclosure sale, duly conducted on 10 May, 1943, the insurance company became the last and highest bidder for the property described in said deed of trust, including the *locus in quo;* that said substituted trustee executed and delivered to the insurance company a foreclosure deed therefor, containing among other recitals the following: ". . . after due advertisement as in said deed prescribed and by law provided, the said J. E. Holshouser, substituted trustee, did on the 10th day of May, 1943, at the courthouse door of Watauga County, in Boone, North Carolina, at 11:00 a.m., expose to public sale the lands and property hereinafter described," and, notwithstanding the said company has demanded possession of said land, the defendants refuse to surrender the same.

While the defendants admit the execution and delivery of the deed of trust on land including the *locus in quo* to Julian Price, Trustee for the Jefferson Standard Life Insurance Company, and the substitution of J. E. Holshouser as trustee therein, the default in the payment of the loan for which the deed of trust was given to secure, and that a purported foreclosure sale was held on 10 May, 1943, by the said substituted trustee and in pursuance thereof deed was executed and delivered to the Jefferson Standard Life Insurance Company, they aver and contend that said purported foreclosure sale was void for the reason that it was not advertised as by the provisions of the said deed of trust provided and as by law required, and that consequently said foreclosure deed was void and conveyed no title to the grantee therein, the Jefferson Standard Life Insurance Company.

The court submitted certain issues arising upon the adverse allegations of the plaintiff and defendants, the first of which reads: "1. Was the property described in the complaint advertised for sale as provided in the deed of trust executed to the Jefferson Standard Life Insurance

Company?" The answers to the other issues submitted were made to turn upon the answer to the first issue.

The jury answered the first issue in the affirmative, and the court entered judgment in favor of the plaintiff, from which the defendants appealed, assigning errors.

*Trivette & Holshouser and Smith, Wharton & Jordan for plaintiff, appellee.*

*John W. Aiken for defendants, appellants.*

SCHENCK, J. On the first issue submitted the court repeatedly charged the jury to the effect that the burden of proof on the first was upon the defendants to satisfy the jury by the greater weight of the evidence, or by the preponderance of the evidence, that the issue should be answered in the negative as they, the defendants, contended it should be answered. Among similar instructions, the court told the jury for its guidance: "And I instruct you, gentlemen, if you are satisfied from the evidence and by its greater weight or preponderance thereof, the burden being on the defendants, that this notice or a copy thereof of like character with the notices posted elsewhere and published in a newspaper, was not published by posting to the world at Holshouser's store in Blowing Rock, until the 12th of April, 1943, then I instruct you that would not be a valid posting, and if you so find from the evidence and by the greater weight or preponderance thereof, you should answer the first issue No, the burden being on the defendants." And also, "Such a showing, gentlemen, as I have already told you, constitutes a *prima facie* case that the sale was made, the burden being on the defendants to show that the sale was made under an improper posting, that the posting was not properly done, and that the terms required in the deed of trust were not met."

Such instructions, together with others of like import, are made the bases of exceptive assignments of error, and we are constrained to hold that such assignments are well taken.

While it is true the recitals in the foreclosure deed from the substituted trustee to the last and highest bidder at the foreclosure sale, that is, the deed from Holshouser, Trustee, to the Jefferson Standard Life Insurance Company, are *prima facie* evidence of the correctness of the facts therein set forth, and the burden of proving otherwise is on the person attacking the sale, in this case the defendants, *Dillingham v. Gardner,* 219 N. C., 227, 13 S. E. (2d), 478, still the burden of proof of the issue remains on the plaintiff who asserts the affirmative thereof, and this burden never shifted to the defendants. The defendants had a

right to introduce evidence to rebut the *prima facie* case made out by the recitals in the trustee's deed or to decline to introduce evidence and thereby assume the risk of an adverse verdict on plaintiff's evidence. The most that a *prima facie* case does, when made out, is to warrant but not to compel a verdict. *Mfg. Co. v. R. R.,* 222 N. C., 330, 23 S. E. (2d), 32. ". . . the *prima facie* case is only evidence, stronger, to be sure, than ordinary proof, and the party against whom it is raised by the law is not bound to overthrow it and prove the contrary by the greater weight of evidence, but if he fails to introduce proof to overcome it, he merely takes the chance of an adverse verdict, and this is practically the full force and effect given by the law to this *prima facie* case. He is entitled to go to the jury upon it and to combat it, as being insufficient proof of the ultimate fact under the circumstances of the case, but he takes the risk in so doing, instead of introducing evidence." *Brock v. Ins. Co.,* 156 N. C., 112 (116), 72 S. E., 213. See also *Speas v. Bank,* 188 N. C., 524 (530), 125 S. E., 398.

The rule with us is stated in *Cotton Oil Co. v. R. R.,* 183 N. C., 95, 110 S. E., 660, and again in *Mfg. Co. v. R. R., supra,* and is taken from 1 Elliott on Evidence, 139, as follows: "The burden of the issue, that is, the burden of proof in the sense of proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a *prima facie* case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if upon the whole evidence he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced."

Since there must be a new trial for the errors indicated in the charge, it becomes unnecessary to comment upon the other interesting questions posed by the appellants' brief.

New trial.

BARNHILL, J., dissenting: The defendants admit the mortgage, the foreclosure sale, and the foreclosure deed from the trustee to the plaintiff. Nothing else appearing, this would entitle plaintiff to judgment.

But the defendants plead by way of affirmative defense that the foreclosure sale was not duly and properly advertised as by law required.

Upon whom rests the burden of proof on the issue of fact thus raised by the defendants' plea of inadequate advertisement? The court below held that the burden rested upon the defendants and so instructed the jury. In my opinion this was in accord with the uniform decisions of this Court and the judgment below should be affirmed.

A purchaser at a foreclosure sale is protected by the presumption of regularity in the execution of the power of sale contained in the deed of trust. *Biggs v. Oxendine,* 207 N. C., 601, 178 S. E., 216; *Berry v. Boomer,* 180 N. C., 67, 103 S. E., 914; *Cawfield v. Owens,* 129 N. C., 286; *Jenkins v. Griffin,* 175 N. C., 184, 95 S. E., 166; *Lumber Co. v. Waggoner,* 198 N. C., 221, 151 S. E., 193; *Elkes v. Trustee Corporation,* 209 N. C., 832, 184 S. E., 826; *Phipps v. Wyatt,* 199 N. C., 727, 155 S. E., 721; *Dillingham v. Gardner,* 219 N. C., 227, 13 S. E. (2d), 478; 37 Am. Jur., 146.

If there is any failure to advertise properly, the burden is on the attacking party to show it. *Cawfield v. Owens, supra; Jenkins v. Griffin, supra; Berry v. Boomer, supra; Lumber Co. v. Waggoner, supra; Elkes v. Trustee Corporation, supra;* 37 Am. Jur., 146.

*Biggs v. Oxendine, supra,* is substantially on all fours. There, *Brogden, J.,* speaking for the Court, says: "The law presumes regularity in the execution of the power of sale in a deed of trust duly executed and regular upon its face; and if there is any failure to advertise properly, the burden is on the attacking party to show it." The charge of the court below was in accord with this rule. Hence, I vote to affirm.

STACY, C. J., took no part in the consideration or decision of this case.