JEFFERSON STANDARD LIFE INSURANCE COMPANY, A CORPORATION, v. ETHEL BOOGHER, ELISE BOOGHER, LYLES HARRIS, AND WESTERN CAROLINA HILLS, INC.

(Filed 17 October, 1945.)

**Mortgages §§ 30c, 31c—**

Where plaintiff claimed title by deed of trustee in a deed of trust and defendant denied plaintiff's title, evidence for plaintiff, tending to show default in payment of the indebtedness secured by the deed of trust which was foreclosed, is competent.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Bobbitt, J.,* at April Term, 1945, of WATAUGA.

Civil action to recover land, in which defendants deny title asserted by plaintiff.

This case was here at Fall Term, 1944, and is reported in 224 N. C., 563, 31 S. E. (2d), 771. The purpose of the action and statement of essential facts are there fully set forth—thereby rendering unnecessary a restatement of them here. A new trial was ordered. And on new trial the case was again submitted to the jury upon same issues as at former trial, each of which was again answered in the affirmative. While the contest revolved in the main around the first issue as to whether the foreclosure sale, under which plaintiff asserts title, was advertised in the manner provided in the deed of trust, defendants' denial of plaintiff's title still remained. And plaintiff offered evidence tending to show default in payment of the indebtedness secured by the deed of trust under which the foreclosure was had. Exceptions by defendants. Defendants also excepted to the ruling of the court in sustaining objection to question as to whether plaintiff had foreclosed on any other loan on resort property in Blowing Rock. The question was

not answered, nor does the record show what the answer would have been.

From judgment on verdict defendants appeal to Supreme Court and assign error.

*Trivette & Holshouser and Smith, Wharton & Jordan for plaintiff, appellee.*
*John W. Aiken for defendants, appellants.*

WINBORNE, J. The exceptions taken by defendants and assigned as error, as hereinabove set forth, have been given due consideration and are found to be without merit.

The evidence offered by plaintiff to which exceptions are taken by defendants is competent, particularly in view of defendants' denial of plaintiff's title. Even though defendants admit the purport of the evidence, the admission of it cannot be held for error. .

The matter to which other exception is taken is immaterial and foreign to the issue, and incompetent. Moreover, no harmful effect appears since the record fails to show what the answer would have been.

Hence, in the judgment below we find

No error.

STACY, C. J., took no part in the consideration or decision of this case.