## DUDLEY TROXLER v̆. ERNEST GANT.

(Filed 25 April, 1917.)

1. **Tenants in Common—Outstanding Title—Mortgage of Ancestor—Foreclosure Sale.**

Where the ancestor has mortgaged his lands, and subject thereto they have descended to his heirs at law as tenants in common, and one of them has become the purchaser at the foreclosure sale, the title thus acquired is not regarded as outstanding, in the sense it may not be acquired by one tenant in common against the others, but in that of the ancestor himself; and where the sale and conveyance thereunder are regular and valid, the purchaser's title will be upheld.

TROXLER *v.* GANT.

**2. Mortgages—Foreclosure Sale—Deeds and Conveyances—Recitals — Presumptions—Burden of Proof.**

Where a deed made in pursuance of a sale of land by foreclosure under a mortgage sufficiently recites the facts thereof, it will be presumed to have been regularly made, and the burden of proof is on the party attacking its regularity to establish to the contrary.

**3. Tenants in Common—Limitation of Actions—Adverse Possession—Minority—Instructions—Appeal and Error.**

Where a tenant in common claims the lands by adverse possession without sufficient evidence as to the time thereof, and there is evidence of the minority of the other party for a part of the period claimed, it is reversible error for the judge to charge the jury that such possession for twenty years, etc., would ripen the claimant's title, and without reference to the evidence of the minority of the adverse party, when such is relevant to the inquiry.

CIVIL ACTION, tried before *Webb, J.,* at October Term, 1916, of GUILFORD.

This is an action to recover land.

The plaintiff introduced evidence tending to show that Peter Vanstory was the owner of the land in controversy; that he died in 1887 or 1888 leaving surviving him three children as his heirs at law, to wit, Charlie Vanstory, Bob Vanstory, and Sarah Vanstory; that Sarah Vanstory died prior to 1905, having theretofore intermarried with one Troxler, leaving surviving her her husband, who died about 1905, and the plaintiff, who was a son born of said marriage and an heir at law of Sarah.

The plaintiff also offered in evidence, for the purpose of attacking it, the mortgage deed from Peter Vanstory and wife to S. S. Gant, dated 24 May, 1880, and registered 3 July, 1880, and a deed from C. R. Doggett and others, executors of the said Gant, to Robert Vanstory. This deed purports to be made by virtue of a sale made under the power contained in the mortgage from Vanstory to Gant, and it contains all of the recitals showing the regularity of the advertisement of the sale of the land and the regularity of the sale.

The plaintiff also offered evidence tending to prove that the land was not advertised for sale according to law under the power contained in said mortgage deed, and then offered mesne conveyances from the said Robert Vanstory to the defendant for the purpose of showing that the defendant claimed under Peter Vanstory.

The defendant also offered in evidence the chain of title from Peter Vanstory to the defendant, including the deed from the said executors to Robert Vanstory and the deed to the defendant, which is dated in 1903.

The evidence for the plaintiff tended to prove that he was born in 1890 or 1891; that this action was commenced on 20 November, 1915, and within twelve months of a judgment of nonsuit in a former action between the same parties to recover this land, which said former action was commenced on 19 October, 1911.

The only evidence to the contrary as to the age of the plaintiff is that one witness stated that Peter Vanstory died in 1886 or 1887 and that he thought the plaintiff was living at the time Peter Vanstory died.

There is no evidence as to the possession of said land from the death of Peter Vanstory up to the time the defendant bought in 1903, except that the plaintiff stated: "My Uncle, Bob Vanstory, stayed there a right smart while."

The defendant offered evidence tending to prove that he had been in the continuous adverse possession of the land from and after his purchase in 1903.

His Honor charged the jury that the burden of proof was on the plaintiff to show that the land had not been properly advertised under the mortgage of Peter Vanstory to Gant, and the plaintiff excepted.

His Honor further charged the jury as to possession as follows: "If you should find that there was a void deed, that there was no sale made by the executors, no advertisement, that would give the plaintiff one-third interest in the property in question; that is, he would be a tenant in common with the defendant, and the law says it takes twenty years to bar him; the defendant would have to be there twenty years in order to bar the plaintiff's right from bringing action against his cotenant, unless you find there was actual ouster, unless you find that his cotenant, the defendant, turned him out of possession; then he would have to bring his action within seven years; but if there is no ouster, and the plaintiff simply knowing he was there would be no ouster; so if you find that it was a void deed, that is, the deed the executors made, there was no sale and no advertisement made by the executors—if you find that by the greater weight of the testimony, then the court charges you the plaintiff would be entitled to one-third interest in this property; and I withdraw from you what I said on yesterday, that notwithstanding that, if he permitted the defendant to stay there seven years, under known and visible lines, that would ripen his title, I withdraw that, and tell you it would take twenty years, unless you find there was an actual ouster."

The plaintiff excepted.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*G. M. Patton and Jerome & Jerome for plaintiff.*
*No Counsel for defendant.*

ALLEN, J.  The exceptions of the plaintiff which are relied on in the brief present three questions for decision: (1) Did Robert Vanstory, a son of Peter Vanstory and a tenant in common with the mother of the plaintiff, have the right to buy under the power of sale contained in the mortgage executed by Peter Vanstory and wife, and did he thereby acquire the title to the land, if the sale was regular and properly advertised?  (2) Was it error in his Honor to charge that the burden of proof was on the plaintiff to show that the land was not properly advertised for sale under said mortgage?  (3) Was the charge of his Honor as to adverse possession erroneous?

The first of these questions is decided against the contention of the plaintiff in *Jackson v. Baird,* 148 N. C., 29, and the second in *Lunsford v. Speaks,* 112 N. C., 608, and in *Cawfield v. Owens,* 129 N. C., 288.

The Court said in the *Jackson case,* in dealing with the right of a cotenant to buy at a sale made under an instrument executed by an ancestor, that "The contention of plaintiffs that John Baird could not acquire the exclusive title at the sale is founded upon a misapprehension of the law.  The general rule is well settled that one cotenant cannot purchase an outstanding title or encumbrance affecting the common estate for his own exclusive benefit, and assert such right against his cotenants.  But that rule does not apply under the facts of this case.  The title which was acquired by Shuford, assuming that he acquired it for Baird, was not an outstanding title adverse to the title of Robert Baird.  It was the title of Robert Baird himself, the common ancestor under whom all claimed, and the sale was being made under a deed executed by such ancestor and to pay his debts, which were an encumbrance on the land when it descended to plaintiffs and their coheir.  It is held in this State that one cotenant lawfully may purchase his cotenant's share of the common property under execution sale to pay the debt of such cotenant.  Likewise it is held that one of the cotenants may purchase the entire property at a sale to pay the common ancestor's debt"; and in the *Cawfield case,* as to the burden of proof: "The presumption of law is in favor of the regularity in the execution of the power of sale, and if there was any failure to advertise properly, the burden was on defendant to show it."

The recitals in the deed establish prima facie that the sale was regularly advertised, and it is, therefore, incumbent upon the plaintiff to offer evidence to rebut the presumption therefrom in favor of the defendant.

TROXLER *v.* GANT.

The exception to the charge of his Honor on adverse possession is well taken.

The charge is predicated upon a finding by the jury that the sale under the mortgage executed by Peter Vanstory was void because of want of advertisement, and that, therefore, the defendant, having acquired his title through Robert Vanstory, who was one of the children of Peter Vanstory, became a tenant in common with the plaintiff, and the jury was instructed, in substance, that if the defendant had been in the adverse possession of the land for twenty years without an actual ouster, or for seven years if there was an ouster, the title would be in the defendant and the plaintiff could not recover.

There are several objections to this charge.

There is no evidence that the defendant or those under whom he claimed had been in possession of the land for twenty years, nor is there any evidence of an actual ouster.

The evidence tends to prove that the defendant took possession of the land in 1903 and had occupied it since that time, and prior to 1903 there is no evidence of possession after the death of Peter Vanstory in 1887 or 1888 except that the plaintiff testified that "Bob Vanstory stayed there a right smart while."

Neither the plaintiff nor his mother was turned out of possession by the defendant, nor does it appear that there was any demand made for an accounting as to the rents and profits and a denial of the right by the defendant.

The charge is also objectionable because it is not qualified by any instruction to the jury as to the effect of the minority of the plaintiff, and as there is no evidence that the adverse possession began in the lifetime of the mother of the plaintiff, if, as his evidence tends to prove, he did not become 21 until 1910 or 1911 and his action was commenced in 1911, the possession of the defendant could not avail as against him.

For the error pointed out, there must be a

New trial.