JAMES BREWINGTON v. CLARISSA HARGROVE ET ALS.

(Filed 1 October, 1919.)

1. **Mortgages—Powers—Deeds and Conveyances—Sales of Land—Irregularities—Notice.**

    Where a *bona fide* grantee of lands has acquired them from a purchaser at a mortgage sale, under a power contained in the mortgage, with no vitiating facts appearing in his chain of title, and without notice of any irregularity of sale or otherwise that would avoid it, his deed is good in respect thereto.

2. **Mortgages—Advertisement—Sales—Deeds and Conveyances—Recitals—Prima Facie Evidence—Burden of Proof.**

    The recital in a deed to lands sold under a power of sale contained in a mortgage that due advertisement as required by the mortgage and the law had been made, is *prima facie* evidence of the fact, and places the burden of proof upon the party to the action claiming otherwise.

3. **Mortgages— Powers—Sales—Advertisements—Defects—Mortgagor's Acquiescence—Deeds and Conveyances.**

    The acquiescence of the mortgagor of lands at a sale of his lands under a power contained in his mortgage will cure any defect therein as to the

advertisement by notice "at the courthouse door and three other public places."

**4. Mortgages—Sales—Advertisement—Date of Sale—Presumptions—Postponement—Deeds and Conveyances.**

Where the advertisement for the sale of lands under mortgage is for a certain date, and the recital in the purchaser's deed is that it took place two days later, the presumption is that it was legally postponed for that time, and in the absence of rebuttal evidence, it will be held valid in that respect.

**5. Mortgages — Assignment — Advertisement—Sales—Legal and Equitable Interests.**

The mortgagee of land assigned his rights thereunder to a third person, and they both advertised according to the power of sale contained in the mortgage, and sold the land thereunder: *Held,* as both the holder of the legal title and the holder of the equitable title concurred and united in giving the notice and making the sale, there is no defect in the execution of the power that could affect the title of the purchaser.

**6. Mortgages—Sales—Executors and Administrators—Statutes.**

The personal representative of the deceased mortgagee or trustee of lands is vested with statutory authority to foreclose in accordance with a power of sale contained in the instrument. Rev., sec. 1031.

APPEAL by defendants from *Guion, J.,* at March Term, 1919, of SAMPSON.

On 27 December, 1910, J. N. Bennett and Clarissa Hargrove, his mother, executed a mortgage to C. S. and T. A. Hines to secure certain indebtedness. The property conveyed was one tract of land, the property of Bennett, consisting of 141 acres, and the other, 21½ acres, the property of Clarissa Hargrove. C. S. and T. A. Hines assigned the notes and mortgage to D. A. Edwards, who died in February, 1914, and his administrator is defendant in this action.

On 13 December, 1915, a notice and advertisement of sale under the power contained in the said mortgage deed, which had been assigned to D. A. Edwards, were given, signed by C. S. and T. A. Hines, mortgagees, and Wilbur T. Edwards, administrator of D. A. Edwards, assignee of the mortgage. The notice specified that the sale would take place on 16 January, describing the land conveyed in the mortgage. A deed executed on 19 January, 1916, by C. S. Hines and T. A. Hines, mortgagees, and Wilbur T. Edwards, administrator of D. A. Edwards, assignee, recites that the property was exposed by them for sale on 18 January, 1916, at 12 o'clock noon, at which sale Thomas Perrett became the last and highest bidder in the sum of $1,000, and the deed was executed to him accordingly. Perrett testified that he bought the land for J. N. Bennett, but paid no money for it; that on 8 January, 1916, he conveyed these two tracts of land to Wilbur T. Edwards for $1,100, as

an individual and not as administrator. By deed 1 December, 1916, Edwards conveyed the two tracts of land to Brewington, the plaintiff. There was evidence to show that the 141-acre tract of land at the time of the sale was worth $3,000 to $4,000.

The jury found, upon the issues submitted, that Brewington, the plaintiff, purchased the 21½ acres of land, formerly the property of Clarissa Hargrove, without notice of any equities in her favor, and that the land was duly advertised according to the terms of the mortgage. Judgment for plaintiff for recovery of the tract of land.

The jury further found that W. T. Edwards, administrator of the assignee of the mortgage, procured Perrett as his agent to bid and purchase said land at the sale under the mortgage, and that its value at that time was $29 per acre, whereupon it was adjudged that the plaintiff is entitled to the 21½ acres of land and rents and costs, and that Clarissa Hargrove recover of Wilbur T. Edwards the sum of $406.11, with interest from December, 1916.

*J. Faison Thomson, Fowler & Crumpler and Murray Allen for plaintiff.*
*Stevens & Beasley and H. E. Faison for defendants.*

CLARK, C. J. There was no evidence to go to the jury to show that James Brewington purchased the 21½ acres formerly the property of Clarissa Hargrove, with notice of any infirmity, and the judge properly instructed the jury to answer the first and second issue accordingly. There was no vitiating fact appearing on the face of the deeds in the chain of title. *Smith v. Fuller,* 152 N. C., 7. Brewington was not purchaser at the sale but bought from Wilbur T. Edwards.

The court properly refused to instruct the jury that the burden was upon the plaintiff to show that the land was advertised by notice published at the courthouse door and in three other public places. The deeds signed by the mortgagee and the assignee of the mortgage recited that due advertisement as required by the mortgage and by law had been made. These recitals are *prima facie* evidence of the fact. The acquiescence of the mortgagor in the conduct of the sale will cure any defect in this respect. *Lunsford v. Speaks,* 112 N. C., 608, cited and approved; *Norwood v. Lassiter,* 132 N. C., 58. It is true the recital is that the sale took place on 18 January while the notice shows that the advertisement was for 16 January, but the presumption, which was not rebutted by any evidence, is that it was postponed till the 18th, and the mortgagor waived any objection on that ground by making no protest and taking no action to set aside the sale. *Norwood v. Lassiter, supra.*

The defendants requested the court to charge the jury that the mortgage notes having been assigned by C. S. Hines and T. A. Hines to

10—178

D. A. Edwards, Edwards became only the equitable owner, the naked legal title still remaining in C. S. Hines and T. A. Hines, and this being so, the equitable title would only have authorized D. A. Edwards to compel a foreclosure and sale by order of court; and that C. S. Hines and T. A. Hines, after the assignment of the notes, simply held the legal title, and having no debt against the land could not execute the power, and the assignee of D. A. Edwards, being the owner of the debt and having no power of sale transferred to him, his administrator could not sell because he was merely the equitable owner, and the attempted sale by notice from C. S. and T. A. Hines and the administrator of Edwards, assignee, was void. The court properly refused the prayer.

As both the holder of the naked legal title and the holder of the equitable title concurred and united in giving the notice and making the sale there can be no defect in the execution of the power conferred by the mortgage. *Weil v. Davis,* 168 N. C., 298.

The plaintiff did not buy at the mortgage sale but was a subsequent grantee without notice and in good faith and takes a good title against irregularities in the sale, if any, of which he had no notice. *Hinton v. Hall,* 166 N. C., 480; 27 Cyc., 1494.

Revisal, 1031, authorizes the personal representative of a mortgagee or trustee who is vested with power of sale in the mortgage or trust deed to advertise and sell under said power. Whether this would confer the like power upon the executor or administrator of the assignee of the mortgage is a question not presented on this record.

Affirmed.