M. F. DOUGLAS v. FRED B. RHODES, INDIVIDUALLY, AND FRED B. RHODES, TRADING AS FRED B. RHODES COMPANY.

(Filed 19 November, 1924.)

**Mortgages—Sales—Description of Land—Notice—Statutes—Deeds and Conveyances.**

Advertisements for the sale of land under foreclosure of mortgage or deed of trust are required by our statute (C. S., 2588) to describe the lands "substantially" as in the conveyance thereof; and while it may be more advisable to give the exact description, the deed made in pursuance thereof is not necessarily void for lack of such description, as where the land is designated as a well-known and certain tract, or place of business, or manufacturing plant, with reference to the book in the office of the register of deeds where the description is given, with number of page, etc., for a more particular description, it is a sufficient description of the land and will convey the title if the notice of such has been published in accordance with the terms of mortgage or deed in trust.

APPEAL by defendant from *Bryson, J.,* and a jury at August Term, 1924, of GUILFORD.

Plaintiff claims he is the owner and entitled to the possession of a certain piece of land in High Point Township, Guilford County, North Carolina, describing it by metes and bounds, containing 6.75 acres more or less, subject to two deeds of trust (1) $40,000 to A. M. Scales, trustee, (2) $13,375 to Fred Peacock, trustee. That the defendant is in the unlawful possession of same and prays judgment for the possession.

The defendant admits the indebtedness above set forth, but denies that he is in the unlawful possession of the land and that the plaintiff is entitled to the possession.

The defendant, for a further defense says: "That on or about the 15th day of March, 1924, the plaintiff made a sale of the property

described in the complaint which sale was not legal in that the plaintiff did not advertise the sale in the newspaper, at the courthouse door and three other public places as required by law and the deed of trust, and that the advertisement in the paper did not describe the property as it is described in the deed of trust and a deed thereunder conveyed no title."

The defendant demands that the cause of action be dismissed.

It was shown by the testimony and uncontradicted that the land was advertised at the courthouse door in Guilford County and three other public places in the county, and that it was published once a week for four weeks in the "Greensboro Patriot," according to C. S., 687 and the terms of the deed in trust.

The record shows a deed of trust from defendant and wife to E. W. Myers, trustee. A deed from E. W. Myers, trustee, to Margaret Douglas, deed from M. G. Douglas and Margaret Douglas to R. M. Roberson and from R. M. Roberson to the plaintiff. All the deeds were in proper form and duly executed and recorded. All describing the land set forth in the complaint by metes and bounds.

The issues submitted to the jury and answers thereto were as follows:

1. Is the plaintiff the owner and entitled to the immediate possession of the land described in the complaint? Answer: "Yes."

2. Is the defendant in the wrongful possession of said land? Answer: "Yes."

From the judgment rendered the defendant excepted and appealed to the Supreme Court.

The following exceptions and assignments of error were made by defendant:

1. To the refusal of the court to direct a verdict for the defendant.

2. To the instruction of the court that the notice of sale set out in the record was, in law, sufficient.

3. To the refusal of motion to set aside the verdict for errors contained in the trial and in the instructions and to the rendering of the judgment set out in the record.

*Broadhurst & Robinson for plaintiff.*
*Z. I. Walser for defendant.*

CLARKSON, J. From the entire record the only material matter to be considered is whether the description of the land in the advertisement made by E. W. Myers, trustee, was a substantial compliance with the law in regard to sales under deeds of trust or mortgages. The advertisement by E. W. Myers, trustee, is as follows:

LAND SALE

"Pursuant to the powers vested in him by a deed of trust executed to him by Fred B. Rhodes and wife, dated 1 August, 1923, and recorded in Book 418, page 558, in the office of the register of deeds of Guilford County, N. C., the undersigned will sell to the last and highest bidder for cash at public auction in front of the east door of the courthouse in Greensboro, Guilford County, on the 15th day of March, 1924, at 12 o'clock noon, a certain tract or parcel of land situated in High Point Township, Guilford County, and more particularly described as follows:

"Being that land and buildings known as the Melton-Rhodes Company or the Rhodes Company factory and consisting of about 6.75 acres, together with the machinery in said buildings. For a description by metes and bounds see above mortgage deed.

"This sale is made subject to any prior valid mortgages that may be a lien on said premises superior to the above deed of trust.

"Default having been made in the payment of interest on the note secured by said deed of trust, the undersigned is fully authorized and empowered to make this sale. This 11 February, 1924."

It seems to be settled law in this State that C. S., 687, as regards to the notice at the courthouse door and three other public places in the county for 30 days immediately preceding the sale and also published once a week for four weeks in a newspaper published in the county, applies to *execution* and *judicial sales* of real estate. It is a matter of contract under deed of trust, mortgage, etc., of real estate. *Hogan v. Utter,* 175 N. C., p. 332 and cases cited.

C. S., 2588 is as follows: "Real Property; notice of sale must describe premises. In sales of real estate under deeds of trust or mortgages it is the duty of the trustee or mortgagee making such sale to fully describe the premises in the notice required by law substantially as the same is described in the deed of authority under which said trustee or mortgagee makes such sale."

We think a fair construction of C. S., 2588, *supra,* would be applicable to a sale under the power in a deed in trust or mortgage. The notice *required by law* under the statute would be the notice in the deed in trust or mortgage. This section is under C. S., ch. 54—"Mortgages and Deeds of Trust." The language of the section is *"fully describe* the premises . . . *substantially* as the same is described in the deed of authority, etc." In *House v. Parker,* 181 N. C., p. 42, it is said: "But the general laws of the State in force at the time of its execution and performance enter into and become as much a part of the contract as

if they were expressly referred to or incorporated in its terms. *O'Kelly v. Williams,* 84 N. C., 281; *Graves v. Howard,* 159 N. C., 594, and *Van Huffman v. Quincy,* 4 Wallace, 552."

The contention of the defendant is that the trustee's deed is void in not complying with the statute "in that it failed to describe the property 'substantially' as it is in the deed of trust—in fact not at all." We cannot so hold. If the legislature had intended that the real estate (set forth by metes and bounds in the deed of trust in the present case) in a deed of trust or mortgage should be described by metes and bounds when advertised for sale under the terms of the deed of trust or mortgage, it could have easily said so in the statute, but on the contrary it used the word "substantially." The word "substantially," Webster defines to mean: "In a substantial manner, in substance, essentially." It does not mean an accurate or exact copy. The purpose and intent of the statute was to give complete and full notice to the public of the land to be sold, so that the public generally would know and understand from the advertisement the exact property offered for sale.

In the case at bar, the notice contained the name of the grantors, Fred B. Rhodes and wife, the date, book and page in the office of the register of deeds of Guilford County, N. C., in which the deed of trust was recorded, terms, date, hour and place of sale, "a tract or parcel of land in High Point Township, and more particularly described as follows: being that land and buildings known as the Melton-Rhodes Company or the Rhodes Company factory and consisting of about 6.75 acres together with the machinery in said buildings. For a description by metes and bounds see above mortgage deed."

There is no concealment, and nothing to mislead in the advertisement, "land and buildings known as the *Melton-Rhodes Company* or the *Rhodes Company factory,*" acreage given together with machinery in buildings. Then, if anyone wanted to know the metes and bounds, reference is made to above mortgage deed which gives the page in the registry office.

In *Newman v. Jackson,* 25 U. S., (12 Wht.) p. 570, 6 Law Ed., it is said: "The law has prescribed no particular form for a notice of this description. It is sufficient if, upon the whole matter, it appears calculated reasonably to apprise the public of the property intended to be sold."

In 19 R. C. L., p. 571, part of sec. 382, it is said: "The notice of sale ought to contain such a description of the property to be sold as will enable intending purchasers, in the exercise of ordinary diligence, to identify it. It should give as full and complete a description of the

property as is possible in the exercise of ordinary diligence for that purpose, in view of the character, condition, and location of the property. It is not necessary, however, to give a minute description of the exact location of the property by metes and bounds; any description which informs the public of the property to be sold is sufficient. Nothing further is required if the information given enables the public to understand, by the exercise of ordinary intelligence, what property is offered for sale, and to identify the same by examination, if a more particular knowledge is desired."

Our statute is in affirmance of the common law which from the authorities hold that the notice must give the description substantially as described in the deed of authority under which the sale is made. Sometimes the description by metes and bounds would not be as intelligible to the public as the reference to a well known place as "Mount Vernon," the home of George Washington, "Monticello," the home of Thomas Jefferson, "Arlington," the home of Robert E. Lee, or "Hermitage," the home of Andrew Jackson.

In the advertisement we have land and buildings known as "Melton-Rhodes Company" or the "Rhodes Company factory."

In *Jessup v. Nixon,* 186 N. C., p. 102, it is said: "The presumption of law is in favor of regularity in the execution of a power of sale, and if there was any failure to advertise the property, the burden is upon the party alleging it. *Jenkins v. Griffin,* 175 N. C., 184; *Troxler v. Gant,* 173 N. C., 422; *Cawfield v. Owens,* 129 N. C., 286." *Carson v. Fleming, post,* 600.

In *Hutton v. Cook,* 173 N. C., p. 498, *Walker, J.,* said: "The second deed referred to the first for description of land and this description is to be taken as embodied in the second deed, *Gudger v. White,* 141 N. C., 507."

The courts do not look with favor on any notice in the sale of real estate under power given unless the description is full and will give clear and intelligent notice to the public of the land to be sold. It may be noted that to prevent wrong and oppression that frequently occurred in these power of sales, necessary for the life of business, the Legislature has made provision for re-opening these sales on advance bids. C. S., 2591; *In re Ware,* 187 N. C., p. 693.

In *Hinton v. Hall,* 166 N. C., p. 480, it was said: "It was true that failure to advertise according to the terms of the power of sale invalidates the sale. *Eubanks v. Becton,* 158 N. C., 230. But it is said that such sale is not absolutely void, but will pass the legal title. *Eubanks v. Becton, supra; Brett v. Davenport,* 151 N. C., 58. While such sale would be set aside as to the purchaser, a subsequent or remote grantee without notice and in good faith takes a good title against such defects

or irregularities in the sale of which he had no notice. 27 Cyc., 1494." *Brewington v. Hargrove,* 178 N. C., p. 146; *Harvey v. Brown,* 187 N. C., p. 365.

It may be noted that sec. 1042, Revisal of 1905, is as follows:

"Advertised at courthouse door. All property, real and personal, sold under the terms of any mortgage or other contract, expressed or implied, whether advertised in some newspaper or otherwise, shall be advertised by posting a notice at some conspicuous place at the courthouse door in the county where the property is situated, such notice to be posted for at least twenty days before the sale, unless a shorter time be expressed in the contract."

C. S., 2585 is in the exact language of 1042, *supra,* except the words "All personal property" are in the section instead of "All property real and personal"—"real property" is left out. In Public Laws 1909, ch. 49, "real and personal" were struck out and after "all" the word "personal" was inserted. The section as thus amended was brought forward in C. S., 641, Revisal of 1905, is as follows:

"How advertised; cost of newspaper publication. No real property shall be sold under execution, deed in trust, mortgage, or other contract hereafter executed, until notice of said sale shall be posted at the courthouse door and three other public places in the county for thirty days immediately preceding such sale, and also published for four weeks in some newspaper published in the county, if a paper is published in the county: *Provided,* the cost of such newspaper publication shall not exceed three dollars, to be taxed as cost in the action, special proceeding or proceeding to sell." Public Laws 1909, ch. 705, after "also published" in line 6 was added "once a week." This section is brought forward and is substantially C. S., 687. *Palmer v. Latham,* 173 N. C., p. 61 and *Hogan v. Utter, supra,* hold this section applies to *execution* and *judicial sales.*

It would be a matter for the Legislature to determine if sales under deeds of trust or mortgages on land should be advertised as is required in execution and judicial sales or what other notice should be given. It is usual to advertise under the terms of the real estate deed of trust or mortgage and also as required in execution and judicial sales. This course is commended, but is not a legal requirement, and from the record seems to have been done in the present case. Frequently the requirements in the deed of trust or mortgage are the same as the law provides for sales of real estate under execution or judicial sale.

From a careful inspection of the record and examination of the authorities cited by counsel, we can find

No error.