### J. L. PHIPPS v. E. G. WYATT.

(Filed 12 November, 1930.)

1. **Estoppel C b—In this case held: trustor was estopped from setting up irregularities in foreclosure proceedings as against bona fide purchaser.**

   Where the trustee in a deed of trust proceeds to advertise and foreclose the land under the terms of the instrument, and upon request of the trustor, continues the sale from day to day for about a month in order to give the trustor time in which to raise the money to pay off the lien, and the trustor is present at the time of the first continuance of the sale and at the time of the actual sale, and made no objection thereto, and failed to raise the bid within ten days, C. S., 2591, and thereafter the purchaser at the sale transfers to a bona fide purchaser without notice: *Held,* the trustor is estopped as against the bona fide purchaser without notice to set up his claim to the land on the grounds of alleged irregularity in the foreclosure proceedings.

2. **Mortgages H m—In this case held: transferee of purchaser at foreclosure sale was bona fide purchaser without notice.**

   The law prima facie presumes the regularity of mortgage sales under power of sale, and where a registered mortgage provides that the trustee's deed upon foreclosure "shall be prima facie evidence" of due advertisement of the property, and the trustee's deed is regular upon its face, a purchaser from the purchaser at the foreclosure sale is not required, in the exercise of due care, to examine the manner of sale and the report of the trustee, and he will be held a bona fide purchaser without notice of alleged irregularities in the advertisement of the property, and *held further,* under the facts of this case, the trustor's contention that the purchaser at the sale bid a grossly inadequate price for the property cannot be sustained against the bona fide purchaser.

**3. Mortgages H j—No fiduciary relationship exists between trustor and cestui que trust, and cestui que trust may bid in property at foreclosure.**

There is no fiduciary relationship between a trustor and *cestui que trust* in a deed of trust, and the *cestui que trust* has the right to bid in the property at the foreclosure sale under the terms of the deed of trust.

APPEAL by defendant from *Schenck, J.,* and a jury, at May Term, 1930, of ALLEGHANY. No error.

This is an action of ejectment brought by plaintiff against defendant. The evidence on the part of plaintiff was to the effect that defendant, E. G. Wyatt, made (1) a deed of trust to the Federal Land Bank on the property in controversy to secure the payment of $4,500. At the time the property was sold there were about three installments of $147.50 each due the Federal Land Bank and some taxes. (2) A deed of trust to R. F. Crouse, trustee for Mrs. G. C. (Pearl) Perry, to secure the payment of $2,340, dated 6 November, 1926. The property was sold by R. F. Crouse, trustee, upon default, under this deed of trust, and purchased by Mrs. G. C. (Pearl) Perry for $1,600, and at the time there was $1,652 due her, which included principal, interest and cost of sale.

In the statement of case on appeal, is the following: "Default having been made in payment by defendant, and demand having been made upon the trustee to foreclose, under date of 17 July, 1928, the trustee advertised the sale of the land to be sold on 16 August, 1928. Defendant having requested a postponement of the sale to enable him, if possible, to secure the money to pay off the deed of trust, in compliance with said request, on date of sale, as advertised, the trustee continued the sale without readvertisement in a newspaper, made proclamation each day at the hour set for the sale, continuing said sale until the same hour on the following day, and in this manner the sale was continued from day to day until 15 September, 1928, when he sold the land to Mrs. G. C. (Pearl) Perry, *cestui que trust,* upon her bid of $1,600. E. G. Wyatt was present when the sale was continued on 16 August, and when the land was actually sold on 15 September, and made no objection to the sale; and, on 8 October, 1928, R. F. Crouse, trustee, executed a deed conveying said land to Mrs. Perry, the purchaser, which deed was promptly recorded in Alleghany County. Under date of 24 November, 1928, Mrs. Perry sold the land to C. W. Higgins, in consideration of $1,652, and on that date executed a deed conveying the land, which deed was promptly recorded in Alleghany County. Under date of 11 January, 1929, C. W. Higgins sold the land to the plaintiff in consideration of $4,500, and on that date executed a deed conveying said land to the plaintiff, which deed was recorded on ........ day of January, 1929. The plaintiff brought suit for possession of the property. The

defendant alleged there was not a valid sale under the deed of trust. At the beginning of the trial, the defendant was allowed to amend paragraph 3 of the answer so as to add the following: 'The price bid by the *cestui que trust* was grossly inadequate price.' The plaintiff was allowed to reply so as to deny the amendment. At the conclusion of all the evidence, his Honor directed the jury to answer the issue of possession in favor of the plaintiff."

The following is in the deed of trust from defendant, E. G. Wyatt, to R. F. Crouse, trustee for Mrs. G. C. (Pearl) Perry: "It is further stipulated and agreed that any statement of facts or recitals by said trustee in his deed in relation to the nonpayment of the money secured to be paid, the amount due, the advertisement, sale, receipt of the money, and the execution of the deed to the purchaser, shall be received as prima facie evidence of such fact."

Also the following is in the deed from R. F. Crouse, trustee, to Mrs. G. C. (Pearl) Perry: "And, whereas, under and by virtue of authority conferred by said deed of trust and in accordance with the terms and stipulations of the same and after due advertisement as in said deed of trust prescribed, and by law provided, the said R. F. Crouse, trustee, did, on 15 September, 1928, at the courthouse door, in Sparta, said county and State, expose to public sale the land hereinafter described, and, whereas, Pearl Perry became the last and highest bidder for the same, at the price of $1,600, the said land being sold subject to all prior deed of trust and other liens; and, whereas, said sale was reported to the clerk of Superior Court; and, whereas, more than ten days have elapsed and no upset bid has been filed; and, whereas, the said purchase price has been paid in full as in said deed of trust prescribed," etc.

The evidence on the record shows that the plaintiff, J. L. Phipps was a bona fide purchaser for value and without notice, if there were irregularities in the sale by R. F. Crouse, trustee, of such a nature that a court should set the sale aside between the parties. The deed from Higgins and wife to plaintiff, Phipps, recites a consideration of $4,500.

Phipps testified, in part: "I am the plaintiff. When I bought this land I was living at Meadow Grove, Nebraska. After I got a deed for the land, I think it was 11 January, I came to Piney Creek here, on 7 February, I believe, 1930. That would be a little over thirteen months after I bought the land. I got the deed on 11 January, 1929. I did not know anything about any contentions of Mr. Wyatt or about any irregularities of the sale, about the advertisement. I did not know anything about any equities claimed against the land, any irregularities of the sale. . . . I was to pay Mr. Higgins $4,500 and assume the Federal Land Bank loan. It would not be quite $9,000 I was assuming and paying. $4,500 was what I paid at the start. I haven't paid all of it yet. I paid $1,000. That leaves $3,500 I am due Mr. Higgins. I

suppose I can pay the balance tomorrow if I want to. I have got some money to pay it."

The issue submitted to the jury and their answer thereto, was as follows: "Is the plaintiff, J. L. Phipps, the owner and entitled to the possession of the land described in the complaint? Answer: Yes."

The court below charged the jury, in part, as follows: "That if you find the facts to be as shown by all the evidence in the case, that is, the testimony of the witnesses and the record evidence, that you will answer this issue, Yes."

*R. F. Crouse and C. W. Higgins for plaintiff.*
*W. R. Bauguess, George Cheek and W. S. G. Bauguess for defendant.*

CLARKSON, J. The sole question involved in this appeal is the charge of the court below: "That, if you find the facts to be as shown by all of the evidence in the case, that is, the testimony of the witnesses, and the record evidence, that you will answer this issue Yes."

We think the charge correct from the facts and circumstances of this case. In the present action it is admitted of record "E. G. Wyatt was present when the sale was continued on 16 August, and when the land was actually sold on 15 September, and made no objection to the sale."

In *Burnett v. Supply Co.,* 180 N. C., at p. 119-120, we find the following: "*There is a wholesome principle in our law to the effect that one who stands by and witnesses in silence a wrongful sale of his property, under circumstances that call on him to speak, will not afterwards be heard to impugn the validity of the sale in so far as the title of the purchaser is concerned. The position depends on the doctrine of equitable estoppel, that under certain conditions will not allow an owner to impeach the purchaser's title when the latter has been misled to his hurt,* but, on the facts of this record, the principle has no place as between the plaintiff and the defendant company, the evidence showing that plaintiff, *an ignorant colored man, merely attended the sale of his property, made over his protest;* that he said or did nothing at the sale to mislead any one; has insisted throughout to the company and its agents that the mortgage debt has been fully paid, and has established his claim at the trial. In such case, we are clearly of opinion that the plaintiff, as against the defendant, is entitled to a settlement on the basis of the actual value of the property, and the verdict and judgment to that effect should be upheld." (Italics ours.)

It is said in *Lewis v. Nunn,* 180 N. C., at p. 163, speaking of the *Burnett case, supra:* "The principle, while recognized, was not applied in that case, because the action was not against the purchaser to redeem, but against the mortgagee, who had wrongfully sold the land when there

was nothing due." Further we find: "One who stands by and sees his property bought by another, without protest and without notice of his claim 'Is not permitted to assert his interest afterwards as against the innocent buyer of the property, and to his prejudice, because he was silent when he should have spoken, and now the law will not hear him when he should be silent. He is equitably estopped from being heard and asserting his claim to the property.' *Hardware Co. v. Lewis,* 173 N. C., 295." *Debnam v. Watkins,* 178 N. C., at p. 242.

What are some of the admitted facts and the law applicable? (1) The defendant requested the trustee to continue the sale from day to day to give him an opportunity to raise the money to pay off the lien on his land, this the trustee did. Defendant was present at the sale and made no objection to same. There is no dispute as to the amount of the debt and default, according to the terms of the deed of trust. (2) In the deed of trust defendant stipulated and agreed "Any statement of facts or recitals by said trustee in his deed in relation to the nonpayment of the money secured to be paid, the amount due, the *advertisement,* sale, receipt of the money, and the execution of the deed to the purchaser, *shall be received as prima facie evidence of such fact.*" (3) The plaintiff on examining the record in the register of deeds office, in regard to the title to the land he was purchasing, in the exercise of due care *(Bank v. Trust Co., ante,* 582) would discover that the trustee's deed contained as to the advertisement "shall be received as prima facie evidence of such fact." With this provision in the deed of trust, plaintiff would not be required, in the exercise of due care, to examine the manner of sale and report of the trustee filed with the clerk of the court. In fact, the law prima facie presumes the regularity of mortgage sales under power of sale. *Jenkins v. Griffin,* 175 N. C., 184; *Lumber Co. v. Waggoner,* 198 N. C., 221. (4) That plaintiff purchased not at the sale, but from one who purchased from the purchaser at the sale. The record also discloses that plaintiff was a bona fide purchaser for value and without notice of any irregularities. Conceding, but not deciding, that there were irregularities in the sale, as against plaintiff, from the facts and circumstances of the case, the doctrine of estoppel applies. The defendant is estopped to assert claim to the property in controversy.

This matter has been recently discussed in *Brown v. Sheets,* 197 N. C., 268 (63 A. L. R., 1357) at p. 272, speaking to the subject: "In *Hinton v. Hall,* 166 N. C., p. 480, it was said: 'It was true that failure to advertise according to the terms of the power of sale invalidates the sale. *Eubanks v. Becton,* 158 N. C., 230. But it is said that such sale is not absolutely void, but will pass the legal title. *Eubanks v. Becton, supra; Brett v. Davenport,* 151 N. C., 58. While such sale would be set aside as to the purchaser, a subsequent or remote grantee without notice and

in good faith takes a good title against such defects or irregularities in the sale of which he had no notice. 27 Cyc., 1494.' *Whitley v. Powell,* 191 N. C., at p. 477; 19 R. C. L., 623."

Defendant contends that "The sale was not only invalid for lack of proper advertisement, but the consideration paid was so grossly inadequate as to shock the conscience." As against a bona·fide purchaser for value without notice this contention, if conceded to be true, cannot be sustained on the facts appearing in the record of this action.

·As to the question of inadequacy of price, in this jurisdiction, see *Young v. Highway Commission,* 190 N. C., at p. 57; *Bank v. Mackorell,* 195 N. C., at p. 745; *Lumber Co. v. Waggoner,* 198 N. C., 221.

C. S., 2591, in part, is as follows: "In the foreclosure of mortgages or deeds of trust on real estate, or in the case of the. public sale of real estate by an executor, administrator, or administrator with the will annexed, or by any person by virtue of the power contained in a will, the sale shall not be deemed to be closed under ten days." The statute further provides that within ten days an increased bid can be placed upon the land sold; 10 per cent if under $500, and 5 per cent if over. The clerk has discretion to have bond given to guarantee compliance with terms of sale. The sale shall be reopened and the land sold again. This increased bid can be indefinite upon compliance with the statute "Resales may be had ·as often as the bid may be raised in compliance with this section."

Defendant requested the postponement of sale at the time the sale was regularly advertised. He was present at the postponed sale, knew the land was sold to Mrs. G. C. (Pearl) Perry, and stood by and made no objection. He could have placed in ten days an upset bid on the land or had some one to do it for him, but failed to do this. Mrs. Perry had a right· to purchase the land under the sale made by the trustee, as there was no fiduciary relationship between her and defendant Wyatt.

In *Simpson v. Fry,* 194 N. C., at p. 627, *Connor, J.,* speaking for the Court, said: "Nor does the fact that the debtor has conveyed property to a third person to secure his creditor establish any fiduciary relation between him and such creditor."

From the view we take of this action, the cases cited and the position taken by the learned counsel for defendant are not applicable. A court cannot make contracts, nor can a court relieve parties who are *sui juris* from misfortune that overtakes them in cases of this kind. Ordinarily, it is only in cases where there is fraud or mutual mistake, or the mistake of one of the parties, brought about by the fraud of the other, or undue influence, where a Court of Equity will grant relief. These principles are not applicable in the present action. In the judgment below we find

No error.