.    K. M. BIGGS, TRUSTEE, v. WALTER L. OXENDINE.

(Filed 28 January, 1935.)

**1. Ejectment A a—**

In an action in ejectment in which both parties claim title to the land in controversy from a common source, plaintiff may connect defendant with the common source of title and show in himself a better title from that source.

**2. Mortgages H h—The law presumes regularity in the execution of the power of sale in a deed of trust.**

The law presumes regularity in the execution of the power of sale in a deed of trust duly executed and regular upon its face, and the recital of proper advertisement in the trustee's deed to the purchaser at the sale is *prima facie* evidence of proper advertisement, and the burden is on the party attacking the validity of the sale to show failure of the trustee to properly advertise the sale.

**3. Same—**

It is not required that the trustee in a deed of trust give notice of sale under power contained in the instrument to the mortgagor or the purchaser of the equity of redemption, nor is the notice of sale defective for the sole reason that the name of the mortgagor is not recited therein.

**4. Ejectment C b: Mortgages C c—**

Where plaintiff in ejectment claims title as purchaser at the foreclosure sale of a registered deed of trust against the property, defendant's subsequently registered contract of conveyance from the mortgagor is properly excluded from evidence, plaintiff's prior registered deed of trust being notice to the world.

**5. Mortgages H h—**

Where foreclosure under power in a deed of trust is advertised according to law, the recital in the trustee's deed to the purchaser at the sale that the advertisement was printed in one newspaper published in the county, whereas in fact the advertisement was published in another newspaper published in the county, is not a vital defect.

CLARKSON, J., concurs in result.

CIVIL ACTION, before *Cranmer, J.,* at April Civil Term, 1934, of ROBESON.

J. H. Hagen and wife were indebted to I. P. Graham and wife in the sum of $357.75. On 28 May, 1927, the said Hagen and wife executed a promissory note for said indebtedness, due 1 November, 1927, and in order to secure the same duly executed and delivered a deed of trust upon the property to E. M. Johnson, trustee, which said deed of trust was duly recorded on 28 May, 1927. Default was made in the payment of said indebtedness, and thereafter, to wit, on 8 December, 1930, E. M. Johnson, trustee, executed and delivered to the plaintiff K. M. Biggs,

trustee, a deed of conveyance for said property. This deed recites the mortgage given by Hagen on 28 May, 1927, and the registration thereof in Book 76, page 193, in the office of the register of deeds for Robeson County, and that there was default in the payment of the note secured thereby, and that the lands described therein were "duly advertised for sale by publishing a notice in the *Robesonian,* a newspaper published in the town of Lumberton, North Carolina, for a period of thirty days, and by publishing a notice of said sale at the courthouse door and three other public places in Robeson County." The deed further recites that pursuant to such notice the lands were duly sold at public auction at the courthouse door on 24 November, 1930, when and where the plaintiff became the purchaser for the sum of $300.00, etc. The sale was made under a second deed of trust. Hagen, the grantor in the deed of trust, remained in possession of the land until his death in August, 1933.

On 25 November, 1933, the plaintiff brought a suit in ejectment against the defendant, alleging the execution and delivery of the deed of trust and the sale thereunder, together with deed from Johnson, trustee, to the plaintiff, and further alleging that after the death of Hagen, the defendant, "without the knowledge or consent of the plaintiff, entered upon the land, . . . and thereafter forbade . . . a tenant of the plaintiff, and in possession of said land, to continue to use the stables, . . . and by threats, commands, and acts has interfered with the work of said tenant, so that the said tenant has been unable and is now unable to continue to fulfill and carry out his obligations as tenant," etc. Upon such allegation the plaintiff prayed that he be declared to be the owner and entitled to the possession of the land, etc.

The defendant answered denying that the plaintiff was the owner of the land, but admitting that he was in possession thereof. He also denied that the sale under the deed of trust was proper or valid, and alleged that there was a written contract between Hagen and the defendant, dated 28 May, 1927, providing, among other agreements, "that in the event of the death of J. H. Hagen before either of the above-mentioned mortgages had been paid in full, or in the event the said J. H. Hagen is unable to pay any installment of principal or interest on either of said mortgages, . . . the said fifty-eight acres above mentioned shall become the property of said Walter L. Oxendine," etc. This contract was duly recorded on 15 July, 1927.

At the trial the plaintiff offered the deed of trust from Hagen and wife to Johnson, trustee, and the deed from Johnson, trustee, to the plaintiff, and rested. The defendant attempted to offer evidence tending to show: (a) That he had no notice of the advertisement of the property; (b) that the same was advertised in the *Scottish Chief,* a newspaper published in Robeson County, although the deed from the

trustee recited that the notice of sale had been published in the *Robe-sonian,* a newspaper published in Robeson County. It was admitted by the plaintiff "that the advertisement offered in evidence was published . . . in the *Scottish Chief,* a newspaper published in Robeson County." (c) That Biggs, the plaintiff, knew about the contract or agreement between Hagen and the defendant; (d) that he owned land near the land in controversy; (e) that he had a written contract with Hagen with reference to the land, hereinbefore referred to, by virtue of which he claimed title.

The trial judge excluded testimony relating to the matters referred to, and the defendant took various exceptions to such rulings.

Two issues were submitted to the jury, as follows:

1. "Is plaintiff the owner and entitled to the possession of the lands described in the complaint?"

2. "Does defendant unlawfully withhold the possession?"

The jury was instructed to answer the issues in favor of the plaintiff, and from judgment upon the verdict the defendant appealed.

*Varser, McIntyre & Henry for plaintiff.*
*McNeill & McKimmon and David H. Fuller for defendant.*

BROGDEN, J. This is an action in ejectment and both parties claim title to the land in controversy from a common source. Under such circumstances the "plaintiff may connect the defendant with a common source of title and show in himself a better title from that source." *Mobley v. Griffin,* 104 N. C., 113, 10 S. E., 142; *Ricks v. Brooks,* 179 N. C., 204, 102 S. E., 207; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627. Pursuant to the accepted principle so established, the plaintiff offered the deed of trust from Hagen to Johnson, trustee, which was in due form, properly executed and duly recorded on 28 May, 1927, together with the deed from Johnson, trustee, dated 8 December, 1930, and duly recorded on 5 May, 1932. The law presumes regularity in the execution of the power of sale in a deed of trust duly executed and regular upon its face; and if there is any failure to advertise properly, the burden is on the attacking party to show it. *Jenkins v. Griffin,* 175 N. C., 184, 95 S. E., 166; *Lumber Co. v. Waggoner,* 198 N. C., 221, 157 S. E., 193; *Phipps v. Wyatt,* 199 N. C., 727, 155 S. E., 721. Furthermore, the recital of proper advertisement in a deed made in the exercise of such power of sale is *prima facie* evidence of such fact. *Brewington v. Hargrove,* 178 N. C., 143, 100 S. E., 308.

The defendant offered no evidence of fraud, suppressed bidding, or other facts cognizable by a court of equity. While it is proper and desirable for a trustee or a mortgagee to give notice of sale to the mort-

gagor, nevertheless such notice is not required. *Call v. Dancy,* 144 N. C., 494, 57 S. E., 220. Nor is a notice of sale defective for the sole reason that the name of the mortgagor is not recited in the notice, which is otherwise correct and formal.

The ruling of the trial judge in excluding the contract between the defendant and Hagen, the mortgagor, is sustained for the reason that the deed of trust through which the plaintiff derives title was recorded prior to the contract between Hagen and the defendant, and such registration is notice to the world.

The deed from the trustee to the plaintiff recites that the notice of sale was published in the *Robesonian,* and at the trial it was admitted that the land was advertised in the *Scottish Chief,* both newspapers being published in Robeson County. There is no evidence that the notice of sale was not published in the *Robesonian,* as recited in the deed; but if, as a matter of fact, the said notice was duly published in a newspaper as required by law, the recital in the deed of a different newspaper would not constitute a valid defect.

In the last analysis the plaintiff held a deed for the premises, complete and regular upon its face, reciting the performance of all legal requirements in conducting the sale, and the defendant proffered no testimony or evidence tending to impeach the sale or to overthrow the presumption of regularity, and therefore the Court is of the opinion that the rulings of the trial judge were correct.

Affirmed.

CLARKSON, J., concurs in result.