BURT L. OWNBEY v. PARKWAY PROPERTIES, INCORPORATED.

(Filed 25 February, 1942.)

**Ejectment § 11—Complaint in ejectment need not allege defendant's source of title or attack any deed in defendant's chain of title.**

In this action in ejectment, the complaint alleged that defendant claimed title as grantee in the trustee's deed after foreclosure of the property and that the power of sale became inoperative prior to foreclosure, C. S., 2589, 437 (3). Defendant demurred for that the complaint failed to allege that plaintiff had been in possession of the property at any time within the ten-year period prior to the foreclosure sale. *Held:* The demurrer should have been overruled, since plaintiff in ejectment is not required to allege either defendant's source of title or invalidity of any deed in defendant's chain of title, and defendant had no ground to complain that plaintiff properly elected to disclose by allegation his purpose to attack defendant's deed and his grounds therefor, the applicability of the statutes and the determination of the validity of the foreclosure deed not being presented by demurrer to the complaint.

APPEAL by plaintiff from *Nettles, J.,* at December Term, 1941, of BUNCOMBE. Reversed.

Civil action in ejectment to recover the possession of real property.

Plaintiff alleges ownership of a certain tract of land in Limestone Township, Buncombe County; his source of title; the execution by him of a deed of trust; the appointment of a substitute trustee; the foreclosure of the deed of trust; the purchase of said premises at the foreclosure by the defendant and the possession of the defendant under the foreclosure deed. He further alleges that the foreclosure of said deed of trust and the foreclosure deed executed pursuant thereto is void and of no effect for that the foreclosure was had and said deed was executed after the power of sale became inoperative, C. S., 2589, and that the defendant is in the wrongful possession of said land. He seeks judgment for the possession of the land described in the complaint.

The defendant demurs "for that it appears on the face of the complaint that plaintiff's cause of action is to have a trustee's foreclosure sale and deed adjudged void as being executed in violation of Consolidated Statutes, section 2589, and section 437, subsection 3, and said complaint fails to allege that the plaintiff has been in possession of the prop-

erty during said ten-year period or at any other time, and therein is insufficient to entitle the plaintiff to the relief under said statutes or otherwise."

When the cause came on to be heard on the demurrer the court below sustained the same and entered judgment accordingly. Plaintiff excepted and appealed.

*Frank Walton for plaintiff, appellant.*
*Weaver & Miller for defendant, appellee.*

BARNHILL, J. This being an action in ejectment it was not necessary for plaintiff to allege either defendant's source of title or the invalidity of any deed in its chain of title. Should the defendant at the hearing offer the foreclosure deed plaintiff would be privileged to attack it as invalid in law without prior allegation. *Ricks v. Brooks,* 179 N. C., 204, 102 S. E., 207; *Mobley v. Griffin,* 104 N. C. 112; *Jones v. Cohen,* 82 N. C., 75; *Fitzgerald v. Shelton,* 95 N. C., 519; *Higgins v. Higgins,* 212 N. C., 219, 193 S. E., 21; *Gibbs v. Higgins,* 215 N. C., 201. However, he has properly elected to disclose by allegation his purpose to attack and his grounds therefor. As to this defendant has no cause to complain.

Neither C. S., 2589, nor C. S., 437 (3), has any bearing upon the question here presented. Their applicability in determining the sufficiency of the attack by plaintiff upon the foreclosure deed is not now before us for decision. It follows that the cases cited by defendant are likewise not in point.

The complaint states a cause of action in ejectment. That the plaintiff alleges the invalidity of the deed upon which defendant relies as its source of title does not affect this conclusion. The demurrer should have been overruled.

Reversed.