S. O. JONES v. FAY DELLA TUCKER PERCY AND HUSBAND, ROBERT
JAMES PERCY.

(Filed 25 February, 1953.)

**1. Ejectment § 15—**

In an ejectment action in which the parties claim through a common
source, the burden rests upon plaintiff to connect his title to the common
source by an unbroken chain and show that the land in controversy is
embraced within the bounds of the instruments upon which he relies and
that the title thus acquired is superior to that of defendant.

**2. Same: Ejectment § 16—**

In an action in ejectment the defendant, under a general denial, may
attack any link in the chain of title relied on by plaintiff without having
alleged its invalidity.

**3. Same—**

When plaintiff in ejectment offers in evidence a foreclosure deed as
constituting a link in his chain of title, defendant may attack it for failure
of the trustee to advertise the foreclosure sale as required by law, without
having pleaded such invalidity, and certainly where plaintiff alleges that
the foreclosure sale was invalid and an issue as to due advertisement is
submitted to the jury without exception, plaintiff may not successfully con-
tend that the question is not raised for decision.

**4. Same: Mortgages § 39e (3)—**

Where defendant in ejectment attacks the validity of a deed of fore-
closure under which plaintiff asserts title, the attack is in the nature of an
affirmative defense, and the burden of proof rests upon defendant to show
the want of due advertisement asserted by him to overcome the presump-
tion of regularity in the foreclosure which arises when the deed of trust is
regular upon its face, was duly executed, and contains recitals which show
compliance with the statutory requirements of foreclosure. *Insurance Co.
v. Boogher,* 224 N.C. 563, overruled.

**5. Mortgages § 32c—**

G.S. 1-597 requires that notice of foreclosure under a mortgage or deed
of trust must be published in a newspaper published in the county having
a general circulation of paid subscribers, and therefore an instruction to
the effect that in order to constitute due advertisement the newspaper in
which the advertisement appeared must have been published and distrib-
uted generally in the county, but omitting the requirement of paid sub-
scribers, must be held for error.

**6. Ejectment § 12—**

In this action in ejectment one of plaintiff's muniments of title is a
deed of trust executed by the male defendant after the execution of a

deed of separation by himself and the *feme* defendant, and the foreclosure of such deed of trust. *Held:* Defendants' defense that the deed of separation was rendered void by reason of the subsequent reconciliation between the parties is not presented for decision in the absence of supporting allegation in the answer or tender of issue directed to this question or exception.

**7. Mortgages § 43—**

Technically, a foreclosure deed is sufficient to convey the legal title even though the sale was not advertised as required by law, and the purchaser is entitled to possession.

APPEAL by defendants from *Parker (Joseph W.), J.,* December Term, 1952, BEAUFORT.

Civil action in ejectment.

Defendants are husband and wife. On 12 February 1951 they executed a separation agreement in which they made a division of their property. Under the agreement the parcel of land plaintiff seeks to recover was conveyed or released to defendant Robert James Percy, free and clear of any and all rights of dower or other claim of *feme* defendant. Thereafter he executed a deed of trust to D. D. Topping, trustee, conveying said land as security for the debt therein recited. The deed of trust was foreclosed and plaintiff became the purchaser at the foreclosure sale. Thereupon the trustee conveyed the property to plaintiff by foreclosure deed which is admittedly of record in the office of the register of deeds of Beaufort County. This deed contains the usual recitals, including the recital that the sale was had "after due and proper advertisement as under the terms of said deed of trust therein set out . . ." Upon receipt thereof plaintiff demanded possession of the premises from the *feme* defendant who was then in possession, claiming under a lease from her husband. Said defendant having refused to vacate the premises, plaintiff instituted this action for a writ of possession.

In their answer to the complaint defendants admit there is a foreclosure deed of record as alleged but deny that there has ever been any valid foreclosure sale or that "any title or interest of either of the defendants passed as a result of such instrument or the attempted foreclosure . . . for the reason that such sale was invalid and not made in accordance with the directions and provisions of the law of the State of North Carolina."

At the trial defendants offered evidence tending to show that the *Washington Progress* in which the advertisement of the foreclosure sale was published was not at the time a newspaper with a general circulation to actual paid subscribers. The court submitted to the jury appropriate issues on plaintiff's primary cause of action and in addition on the testimony offered by defendants submitted a further issue as follows:

"1. Was the Washington Progress, a newspaper of general circulation to paid subscribers, as required by the laws of North Carolina concerning publication of notices of mortgage sales during the months of March, 1952, and April, 1952?"

The jury answered all the issues in favor of plaintiff. From judgment on the verdict, the defendants appealed.

*Carter & Ross for plaintiff appellee.*
*J. D. Paul and John A. Wilkinson for defendant appellants.*

BARNHILL, J.   The defendants here properly gave notice of their intention to assert that the foreclosure deed relied on by plaintiff was insufficient to pass title to him by alleging that "such sale was invalid and not made in accordance with the directions and provisions of the law . . ." There was no motion to require defendants to particularize or make their general allegation more specific. In the trial defendants confined their attack on this deed to evidence of want of proper advertisement. An issue directed to this defense was submitted to the jury without exception. Hence plaintiff is not now in a position to contend that the primary questions defendants seek to present for decision on this appeal are not properly before the court for consideration.

In its charge on the first issue the court instructed the jury as follows:

"The Court instructs you in relation to this particular issue, the burden of which is upon the defendant, to convince you that the WASHINGTON PROGRESS was or is not a newspaper of general circulation as required and contemplated by the Statutes of North Carolina, the Court instructs you that if you believe the testimony of Mr. Ashley Futrell that the newspaper is entered as second class matter with the U. S. Post Office Department, that it is a newspaper published once each week, that it is listed as an approved newspaper by the North Carolina Press Association, that it is distributed generally in Beaufort County, that it carries general news, advertisements, editorials, although these editorials were lifted from the WASHINGTON DAILY NEWS or some other newspaper, then the Court instructs you it would be your duty to answer that issue YES; if you are not satisfied, not beyond a reasonable doubt, not by the weight of the evidence, or not by the preponderance of the evidence, but if you are not satisfied as to these facts, then you will answer that issue No."

Upon which party, under this instruction, did the court place the burden of proof on the first issue? In the beginning it stated that the burden rested upon the defendants to offer evidence which would entitle them to a negative answer thereto. Yet, at the end the jury was instructed that if it was not satisfied as to the existence of certain detailed facts tending to show that the *Washington Progress* was a newspaper within

the contemplation of the statute, it should answer the issue "no." This would seem to place the burden of proof on the plaintiff.

If the charge is to be construed to place the burden of proof on the defendants, then they have no cause to complain on that ground.

In an ejectment action in which the parties claim through a common source, the burden on the issue of title rests upon the plaintiff or other party asserting title and right of possession to connect his title to the common source of title by an unbroken chain of conveyances and show that (1) the land in controversy is embraced within the bounds of the deeds or other instruments upon which he relies, and (2) the title thus acquired is superior to that claimed by his adversary. Thereupon the defendant, or party in possession, may attack any link in the chain of title relied on by the party seeking to oust him without prior supporting allegation. *Ownbey v. Parkway Properties, Inc.*, 221 N.C. 27, 18 S.E. 2d 710, and cases cited; *Toler v. French*, 213 N.C. 360, 196 S.E. 312; *Keen v. Parker*, 217 N.C. 378, 8 S.E. 2d 209; *Powell v. Turpin*, 224 N.C. 67, 29 S.E. 2d 26.

Under this rule when plaintiff offered the foreclosure deed upon which he relies, the defendants were privileged to attack it as invalid in law without first having pleaded the failure of the trustee to advertise the foreclosure sale as required by law. *Ownbey v. Parkway Properties, supra; Powell v. Turpin, supra.*

But the attack is in the nature of an affirmative defense, and the burden rests upon him who makes it to carry the burden of proof. This rule, which this Court, with one exception, has consistently followed, is stated by *Brogden, J.,* speaking for the Court, in *Biggs v. Oxendine*, 207 N.C. 601, 178 S.E. 216, as follows:

"The law presumes regularity in the execution of the power of sale in a deed of trust duly executed and regular upon its face; and if there is any failure to advertise properly, the burden is on the attacking party to show it." *Cawfield v. Owens*, 129 N.C. 286; *Norwood v. Lassiter*, 132 N.C. 52; *Troxler v. Gant*, 173 N.C. 422, 92 S.E. 152; *Jenkins v. Griffin*, 175 N.C. 184, 95 S.E. 166; *Brewington v. Hargrove*, 178 N.C. 143, 100 S.E. 308; *Berry v. Boomer*, 180 N.C. 67, 103 S.E. 914; *Jessup v. Nixon*, 186 N.C. 100, 118 S.E. 908; *Douglas v. Rhodes*, 188 N.C. 580, 125 S.E. 261; *Brown v. Sheets*, 197 N.C. 268, 148 S.E. 233; *Lumber Co. v. Waggoner*, 198 N.C. 221, 151 S.E. 193; *Phipps v. Wyatt*, 199 N.C. 727, 155 S.E. 721; *Higgins v. Higgins*, 212 N.C. 219, 193 S.E. 159; *Gibbs v. Higgins*, 215 N.C. 201, 1 S.E. 2d 554; *Elkes v. Trustee Corp.*, 209 N.C. 832, 184 S.E. 826; *Dillingham v. Gardner*, 219 N.C. 227, 13 S.E. 2d 478.

But defendants cite and rely on *Insurance Co. v. Boogher*, 224 N.C. 563, 31 S.E. 2d 771, which we must concede is in conflict with the decisions above cited and others of like import. It is the one case in our

reports in which we have held that in an ejectment action in which the defendant attacks a foreclosure deed relied on by plaintiff on the ground that the foreclosure sale was not properly advertised, the burden of showing compliance with the requirements of the statute rests upon the plaintiff. In so holding, the opinion in that case cites no supporting authority. Furthermore, our many decisions *contra* were inadvertently overlooked.

Even there it is stated that the recitals in a foreclosure deed "are *prima facie* evidence of the correctness of the facts therein set forth, and the burden of proving otherwise is on the person attacking the sale, in this case the defendants, *Dillingham v. Gardner,* 219 N.C. 227, 13 S.E. 2d 478 . . ." And in the *Dillingham case* the Court says: ". . . the burden is upon the trustor attacking a foreclosure to prove his grounds for attack, since the execution of the power of sale contained in the deed of foreclosure is presumed regular."

Since this decision is clearly out of line with the rule long established in this jurisdiction, it is expressly overruled on the question of the burden of proof on an issue directed to an attack upon the validity of the advertisement of a foreclosure sale under which a party claims title. And we reassert the rule that when in an ejectment action a party attacks a foreclosure deed relied on by his adversary on the grounds of irregularity in the foreclosure sale, the burden of proof on the issue thus raised rests upon him who asserts the irregularity. To invoke this rule, however, it must appear that the deed (1) is regular upon its face, (2) was duly executed, and (3) contains recitals which show compliance with the statute regulating the foreclosure of a deed of trust or mortgage.

But there is error in the excerpt from the charge to which defendants except. Our statute, G.S. 1-597, requires publication of notice of a foreclosure sale under a mortgage or deed of trust in some newspaper published in the County. It further provides that the newspaper in which such notice is published must be a newspaper having "a general circulation to *actual paid subscribers.*" And if not published in a newspaper as defined in the statute, such notice "shall be of no force or effect."

Under these provisions of the statute, the publication of the notice of sale under the power contained in a deed of trust is wholly ineffective unless it is published in a newspaper having a general circulation, within the County where the land to be sold is located, to subscribers who have actually paid the subscription price therefor. Yet in detailing the facts the jury must find in order to answer the first issue in the affirmative, the court made no reference to this essential requirement of the law. A careful examination of the charge as a whole fails to disclose that this oversight was later corrected. Since the defendants offered substantial evidence from which the jury might well have found that the newspaper

in which the notice was published failed to meet the requirements of the law, it is apparent that the error was prejudicial to them.

The defendants offered evidence tending to show that after the execution of the separation agreement, there was a reconciliation and they reassumed their marital status. They contend that this rendered the deed of separation void; that the *locus* was originally owned by them as tenants by entirety; and that the invalidation of the separation agreement rendered the conveyance of the *locus* to the male defendant void; and that therefore plaintiff has failed to establish title to the premises described in the complaint.

On this record their contentions in this respect are untenable for that (1) there is no exception in the record which properly presents the question; (2) this is not an attack which may be made on one of plaintiff's muniments of title without supporting allegation in the answer, *Alley v. Howell,* 141 N.C. 113; *Gibbs v. Higgins, supra,* and (3) in any event defendants tendered no issue directed to this phase of their testimony.

Since the question may arise on the rehearing, we make no comment on the legal effect of the reassumption of the marital relations upon a deed executed pursuant to the terms of the separation agreement.

Technically the foreclosure deed is sufficient to convey the legal title even though the sale was not advertised as required by law and the person holding the legal title to land is entitled to the possession thereof. *Ownbey v. Parkway Properties, Inc., supra.* Therefore, we could conclude that plaintiff is, in any event, entitled to judgment. However, this would not settle the real question at issue but would merely invite more litigation. For that reason we have discussed and decided the questions which are essential to a final determination of the cause.

For the reasons stated there must be a

New trial.