APPALACHIAN POSTER ADVERTISING COMPANY, INC. v. THOMAS W. BRADSHAW, JR., AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA

No. 8210SC1215

(Filed 15 November 1983)

**Highways and Cartways § 2.1— outdoor advertising sign—no substantial alteration**

    Petitioner's outdoor advertising sign was not altered substantially so as to permit the Secretary of Transportation to revoke petitioner's permit for the sign where the dimensions of the sign were changed but the square footage remained the same; the wording of the sign and the advertiser remained unchanged; the sign was raised 4-10 feet higher from the ground and an additional pole was added to the sign; the sign did not significantly increase in value; and the cost of the changes to the sign were less than 16% of the sign's initial value.

APPEAL by respondent from *Farmer, Judge.* Judgment entered 1 July 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 18 October 1983.

Respondent appeals from judgment of superior court which reversed his administrative decision revoking petitioner's sign permit.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for respondent appellant.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by Kenneth Wooten, Jr. and Gary S. Parsons, for petitioner appellee.*

BECTON, Judge.

I

The dispositive issue on appeal is whether the superior court erred in concluding that alterations made to a sign were not substantial. For the reasons that follow, we hold that the superior court did not err.

II

On 30 January 1980, the district engineer of the North Carolina Department of Transportation in Iredell County wrote petitioner, Appalachian Poster Advertising Company, Inc., a letter advising it that its sign Permit No. I-0040-82054 had been revoked by reason of the rebuilding or alteration of the sign. Petitioner appealed from the decision of the district engineer to respondent, the Secretary of Transportation at that time. Respondent, by letter dated 9 May 1980, affirmed the decision of the district engineer, finding (a) that the dimensions of the sign had changed from 25' x 12' to 30' by 10', (b) that the height of the poles had increased from 20 feet to 30 feet, and (c) that the number of poles had increased from three to four, and concluding that the alterations caused the sign to be "other than substantially the same as it was on the date of issuance of a valid permit." The permit, therefore, was revoked pursuant to 19A N.C. Admin. Code § 2E.0210(6) (1983).

Petitioner, pursuant to N.C. Gen. Stat. § 136-134.1 (1981), appealed the Secretary's decision to the Wake County Superior Court. The pleadings, stipulations, administrative record and testimony presented at that *de novo* hearing showed the following:

Petitioner had been requested by the owner of the land upon which the sign was located to move the sign "an appropriate amount" because the United States Environmental Protection Agency had advised the landowner that one of the poles of petitioner's sign could not legally be embedded in the earth fill for a dam which the landowner was constructing. Without contacting the Department of Transportation for permission to move or alter the sign, petitioner moved the sign structure away from the dam fill by shifting a back pole forward. With the addition of a fourth pole, the sign was moved closer to the highway, but still remained 15 feet away from the highway right-of-way fence. At the request of the landowner, who wanted to be able to mow underneath it, the sign was raised four to ten feet higher from the ground than the original sign. The dimensions of the sign were also changed, but the square footage remained the same. In the past, permission to alter the dimensions while maintaining the same total area had been granted routinely. The wording of the sign remained the same, though arranged differently.

The superior court, based upon the foregoing evidence, made findings of fact to which no exception has been taken. After finding that the Secretary's decision was based upon certain changes which had been made to the sign, the court also found that the copy or wording on the face of the sign was not changed, although it had been rearranged; and that the advertiser remained the same. The value of the sign before the changes was between $3,700 and $3,800; the value after the change was between $4,100 and $4,200. The cost of the changes to the sign was around $500.00, which was less than sixteen percent (16%) of the sign's initial value. The superior court concluded that the changes to the sign were not substantial; that the permit should not have been revoked; and that the revocation of petitioner's permit based upon these insubstantial changes was contrary to law and the Department of Transportation's regulations. It ordered the Department of Transportation to reinstate petitioner's sign permit.

### III

Respondent first contends that petitioner failed to carry its burden under G.S. § 136-134.1 of showing that the Secretary's decision was (a) in violation of constitutional provisions; or (b) not

made in accordance with N.C. Gen. Stat. ch. 136, art. 11 (1981) and the rules and regulations promulgated by the Department of Transportation; or (c) affected by other error of law. Respondent suggests that since the evidence and facts found at both hearings were basically the same, the superior court erred in reversing the decision of the Secretary.

This contention is without merit. While an interpretation of a statute or rule of an agency administering it is to be accorded some deference, respondent's argument gives it inordinate deference. G.S. § 136-134.1 provides that the superior court's review of the Secretary's decision is *de novo*. The superior court is thus not bound by the Secretary's findings of fact and conclusions of law. The superior court may arrive at a different conclusion of law based upon the same evidence. Acceptance of respondent's argument would render review meaningless, as the Secretary's decision would always be upheld, regardless of the court's differing interpretation of the evidence or administrative rule. Nevertheless, petitioner made an additional showing, as apparent from the superior court's findings of fact, that the wording of the sign and the advertiser remained unchanged and that the sign had not significantly increased in value.

The rule or regulation upon which the revocation of petitioner's sign permit was based provides:

> Any valid permit issued for a lawful outdoor advertising structure shall be revoked by the appropriate district engineer for any one of the following reasons:
>
> . . . .
>
> (6) any alteration of a nonconforming sign or a sign conforming by virtue of the grandfather clause which would cause it to be *other than substantially the same* as it was on the date of issuance of a valid permit; examples of alterations which are not allowed for nonconforming signs or signs conforming by virtue of the grandfather clause include: extension, enlargement, replacement, rebuilding, re-erecting or addition of illumination. . . .

19A N.C. Admin. Code § 2E.0210(6) (1983) (emphasis added). This rule became effective on 1 July 1978. To answer the question

whether petitioner's alterations to the sign caused it to be "other than substantially the same as it was on the date of issuance of a valid permit," we must interpret the word "substantially." The term "substantially" has been defined in two North Carolina decisions as "essentially, in the main, or for the most part," *North Carolina National Bank v. Burnette*, 297 N.C. 524, 532, 256 S.E. 2d 388, 393 (1979), and as " '[i]n a substantial manner, in substance, essentially.' It does not mean an accurate or exact copy." *Douglas v. Rhodes*, 188 N.C. 580, 583, 125 S.E. 261, 262 (1924) (quoting Webster's Dictionary).

Guided by these definitions, we accept the trial court's conclusion that the alterations were not substantial. Despite the changes which were made, the sign, although not "an accurate or exact copy," was "essentially, in the main, or for the most part" the same as it was before. After the changes, the sign bore the same message, for the same advertiser, over the same square footage and at the same location. Although the dimensions of the sign were changed, the square footage remained the same. The evidence showed that changes in the dimensions of signs while retaining the same square footage had been routinely allowed in the past by the Respondent. Furthermore, the cost of the changes to the sign, which the court found to be less than sixteen percent (16%) of the sign's initial value, was well within the fifty percent ceiling of 19A N.C. Admin. Code § 2E.0210(13) (1983), which provides for the revocation of outdoor advertising permits for "[m]aking repairs . . . which exceed fifty percent of the initial value of the sign as determined by the district engineer."

IV

Based upon the foregoing, we conclude that the superior court's conclusion that the changes in the sign were not substantial was supported by the evidence and its findings of fact. The judgment of the superior court is

Affirmed.

Judges HEDRICK and EAGLES concur.